[No. 5813. Decided January 4, 1906.]

THOMAS J. WATKINS, *Respondent*, v. HENRY BALCH *et al.,* *Appellants.*[1]

FRAUDS, STATUTE OF—ORAL LEASE FOR TERM OF YEARS—PART PERFORMANCE. One who enters into possession of real property, under an oral lease for a term of years is a tenant from period to period in which the rent is reserved, and the tenancy may be terminated by the statutory notice before the end of each such period for which the rent is payable.

SAME—PERFORMANCE OF SERVICES AS PAYMENT OF RENT—NECESSITY OF SHOWING VALUE TO TAKE CASE OUT OF STATUTE. An oral lease for the term of five years, in consideration of the services of the tenant in caring for a flock of goats and the performance of labor in clearing the land and making improvements to the value of $100 each year, is within the statute of frauds and creates a tenancy from year to year, unless it is made to appear that the improvements increased the rental value of the premises; and a mere finding that improvements had been made to the extent of $300, is not sufficient to show that the tenants suffer any material injury as to such rental value.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered April 10, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action of forcible entry and detainer. Affirmed.

*W. H. Abel,* for appellants.

*J. A. Hutcheson,* for respondent.

FULLERTON, J.—This is an action under the statute of forcible entry and detainer. On March 1, 1902, the respond-

1Reported in 83 Pac. 321.

ent and the appellants entered into an oral agreement whereby
the respondent undertook to lease to the appellants certain
farm lands, situated in Chehalis county, for a term of five
years, in consideration that the appellants would, during that
time, care for a flock of goats the respondent intended pur-
chasing and putting on the land, and would perform work
and labor in clearing and improving the land to the amount
in value of $100 for each year during the term of the lease.
Pursuant to this agreement, the appellants entered into pos-
session of the property, and have since continued in such
possession, during which time they have carefully cared for
the goats, and have performed work and labor on the prem-
ises in the way of permanent improvements of the value re-
quired by the terms thereof. Some days prior to March 1,
1905, the respondent served written notice on the appellants
to quit and surrender the possession of the premises on that
date, it being the end of the third year of the term. The ap-
pellants refused to surrender such possession, whereupon the
respondent brought this action to obtain such possession. He
was successful in the court below, and the appeal is from the
judgment in his favor.

The sole question presented by the record is the validity
of the oral lease. The appellants concede that ordinarily an
oral lease of real property for a longer period than one year
is void under the statute of frauds, but they argue that, be-
cause of the peculiar nature of the rental they were to attorn
for the use of the land, this case is differentiated from the
ordinary oral lease where only a money rent is reserved, and
presents equitable features which entitle the appellants to the
full enjoyment of the term.

Were this the ordinary case of an oral lease for a fixed
period with a yearly reservation of rent and a taking of pos-
session thereunder, we would have no hesitancy in holding
that it was a tenancy from year to year, as the statute itself
provides that such is the effect of an oral lease, void under
the statute of frauds, which has been thus partially per-

formed. The statute, after providing that all conveyances of·
real estate or interests therein, and all contracts evidencing
any incumbrances thereon, shall be by deed, and that such
instruments, other than a lease for a term not exceeding one
year, shall be in writing signed and acknowledged by the party
bound thereby, provides that, when premises are rented for
an indefinite time, with monthly or other periodic rent re-
served, such tenancy shall be construed to be a tenancy from·
month to month, or from period to period on which rent is
payable, and shall be terminated by written notice of thirty
days or more, preceding the end of any of such months or
periods, given by either party to the other. An oral lease,
therefore, where possession of the property has been taken, is
not void in toto, but it may not be a lease for the term agreed
upon. If the rent reserved is to be paid periodically it is a
lease good for one of such periods, but subject to be terminated
at the end thereof, or at the end of any other of such periods.
Thus, under the statute, where one enters into the possession
of real property under an oral lease for a definite time with
periodic rent reserved, he is not a tenant for the time agreed
upon, but a tenant from period to period, corresponding to the
times on which rent is payable. Such a lease can be termin-
ated, as the statute provides, by written notice given at the
prescribed time before the end of such period. *Richards v.
Redelsheimer,* 36 Wash. 325, 78 Pac. 934; *Evans v. Winona
Lumber Co.,* 30 Minn. 515, 16 N. W. 404; *Morrill v. Mack-
man,* 24 Mich. 279, 9 Am. Rep. 124; *Arbenz v. Exley, Wat-
kins & Co.,* 52 W. Va. 476, 44 S. E. 149, 61 L. R. A. 957;
*Coudert v. Cohn,* 118 N. Y. 309, 23 N. E. 298, 16 Am. St.
761, 7 L. R. A. 69; *Rosenblat v. Perkins,* 18 Ore. 156, 22
Pac. 598, 6 L. R. A. 257; *Bard v. Elston,* 31 Kan. 274, 1
Pac. 565; 18 Am. & Eng. Ency. Law (2d ed.), 194.

On the other hand, the courts generally hold that, where
there is an entry and the payment of rent in advance for a
fixed term under an oral lease, the lease is good for an entire
term, although the lease be a longer term than is permitted

by the statute; this on the principle that it would be permitting the statute to perpetrate, rather than prevent, frauds if thereunder a landlord may accept rent for a given term and then use the statute to evict the tenant before the end of such term. *Clark v. Clark,* 49 Cal. 586; *Morrison v. Herrick,* 130 Ill. 631, 22 N. E. 537; *Dunckel v. Dunckel,* 141 N. Y. 427, 36 N. E. 405.

It is this latter principle that the appellants seek to invoke in this case, but we think the finding of the court too meager to bring them within the rule. The evidence is not brought here in the record, and the facts must rest on the findings of the court. And while the court found that permanent improvements had been made on the premises to the value of $300, it did not find whether or not such improvements increased the rental value of the premises. It, of course, is inferable that such improvements would increase the rental value to some extent, but the amount is conjectural, and as the appellants are relying on an equitable principle, the burden was upon them to show that they would suffer some material injury if the ordinary rules of law were enforced against them. This, as we view the findings, they have not done, and we must hold that they were tenants from year to year, and subject to ouster at the end of each yearly period.

The judgment is affirmed.

MOUNT, C. J., RUDKIN, HADLEY, CROW, and ROOT, JJ., concur.