[No. 5891.   Decided January 23, 1906.]

ORTHO DORMAN et al., Appellants, v. L. PLOWMAN et al., Respondents.[1]

LANDLORD AND TENANT—LEASES—FOR TERM OF YEARS, WITHOUT ACKNOWLEDGEMENT—TERMINATION. An unacknowledged lease for a term of years, with yearly rent reserved, is terminable upon thirty days notice preceding the end of the period at which the rent was payable, under Bal. Code, § 4568, providing that unacknowledged leases are valid for a period not exceeding one year, and under Bal. Code, § 4569, providing that premises leased for an indefinite term with periodic rent reserved shall be construed to be a tenancy from period to period.

SAME—EQUITIES OF TENANT—CONSIDERATION FOR LEASE. A tenant under an unacknowledged lease cannot claim any equitable rights from the fact of a purchase of cattle from the landlord where the purchase formed no part of the consideration for the lease.

1Reported in 83 Pac. 322.

Appeal from a judgment of the superior court for Whitman county, Chadwick, J., entered June 7, 1905, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action of ejectment. Affirmed.

*Gallagher & Thayer,* for appellants.
*J. N. Pickrell,* for respondents.

FULLERTON, J.—On December 24, 1903, the respondents L. Plowman and Jennie M. Plowman entered into a written lease with the appellants by the terms of which they leased to the appellants certain farm lands which they owned, for a term of four years, at a yearly rental of four hundred dollars. The lease was not acknowledged, and the respondents, treating it as a lease from year to year, served upon the appellants a written notice to quit and surrender the premises at the end of the first year thereof, viz., December 24, 1904. On that date, finding no one in the actual possession, the respondents re-entered, and subsequently sold the property to the respondents Pierce. This action was brought by the lessees to recover the possession for the remainder of the unexpired term. The trial court held the lease valid as a lease of the property for a period of one year, but invalid, because not acknowledged, as to the remainder of the term, and entered judgment for the lessors.

It is the contention of the appellants that a contract in writing purporting to convey or create an interest in, or incumbrance on, real property is valid under the statutes of this state although not acknowledged, whenever accompanied by part performance, such as payment of the consideration or a part thereof, or a voluntary delivery of possession under the terms of the contract. This court has held in a number of cases that contracts to convey land, or to create incumbrances thereon, were valid as between the parties where there had been a substantial part performance, although not

executed with the formalities required by statute, but we think these cases are distinguishable from the one at bar. They proceed on the theory that equity will relieve from the statute of frauds whenever the enforcement of the statute will enable the party seeking to enforce it to perpetrate a fraud upon the other party; while the statute itself has undertaken to define the rights of parties who have taken possession of property under a void or defectively executed lease, and paid rent for a given period only.

By statute it is expressly provided that leases, although in writing, are when without acknowledgment, valid for a period not exceeding one year. Bal. Code, § 4568. And, also, that when premises are rented for an indefinite time, with monthly or other peridoic rent reserved, such tenancy shall be construed from month to month or from period to period, according to which such rent is payable, and that such a lease may be terminated by either party by written notice given thirty days or more preceding the end of any such month or period. Bal. Code, § 4569.

The first of these sections is capable of different constructions; it may mean that an unacknowledged lease for a term longer than one year is valid as a lease for one year only, or it may mean that such a lease, being for a prohibited period, is void from its inception. But whichever of these may be the true construction, it is not necessary to determine here, as either reaches the same result. If the first be adopted, there can be no further question as to the correctness of the judgment, since the lease expired by its own terms on December 24, 1904, and the respondents had the right of re-entry on that day, and did no more than exercise that right when they took possession and ousted the appellants. On the other hand, if the second construction is to be adopted, the second section of the statute above cited governs. That section would make the lease one for an indefinite time, with periodic rent reserved, and hence terminable at the option of either party by notice given thirty days preceding the end of

any one of such periods. *Watkins v. Balch, ante* p. 310, 83 Pac. 321. Therefore, by entering and paying rent for one year, the appellants did not acquire a right to the full term. The lease was terminable by either party at the end of any year, and was terminated by the written notice given by the respondents.

The further contention, namely, that the appellants are entitled to equitable relief because they purchased of the respondents a band of cattle as a part consideration of the lease, we think is founded on a mistaken view of the evidence. The appellants did purchase of the respondents a band of cattle, but we think the view of the trial court that this purchase formed no part of the consideration for the lease is the true one.

The judgment is affirmed.

MOUNT, C. J., HADLEY, RUDKIN, CROW, and ROOT, JJ., concur.