[No. 7133. Decided June 22, 1908.]

T. RYAN, *Respondent*, v. MAGNUS LAMBERT *et al.*,
*Appellants.*[1]

·PLEADING—ANSWER—ARGUMENTATIVE DENIAL. In an action of
unlawful detainer, an answer that defendants were holding under
a different lease from that alleged in the complaint is only an argu-
mentative denial, and adds nothing to a general denial in the answer.

SAME—REPLY—INCONSISTENCY. A denial in a reply that defend-
ants hold under a certain lease is not inconsistent with a denial of
the validity of the lease.

TRIAL—NONSUIT—WAIVER OF OBJECTIONS—APPEAL — REVIEW. A
motion for a nonsuit is waived by proceeding with the trial, and the
case will thereafter be reviewed on the entire testimony only.

HUSBAND AND WIFE—COMMUNITY PROPERTY—LEASES—EXECUTION.
A lease of community property is invalid where it was executed by
the husband alone, and the wife did not authorize or assent thereto
or acquiesce therein.

LANDLORD AND TENANT—VOID LEASE—ESTATE CREATED. Where a
lease for the period of ten years, with monthly rent reserved, is in-
valid, the lessees become tenants from month to month.

PLEADING—ISSUES, PROOF AND VARIANCE. A defendant cannot
complain that evidence and instructions were not applicable to the
issues presented by the complaint, when such issues were brought
in by his affirmative answer.

TRIAL—ARGUMENT OF COUNSEL—READING LAW. It is not error to
refuse to allow counsel to read statutes or judicial decisions as part
of his argument to the jury.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered October 11, 1907, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
for unlawful detainer. Affirmed.

*H. E. Foster*, for appellants.

*Gill, Hoyt & Frye*, for respondent.

RUDKIN, J.—On the 8th day of June, 1904, Joseph Sthay
and wife were the owners of the lot involved in this action,

[1]Reported in 96 Pac. 232.

upon which the husband conducted a wood yard. On the above date the husband sold the wood yard, and leased the lot to the purchaser for a term of ten years, at the monthly rental of $10 per month, payable six months in advance for the first year, and monthly in advance thereafter. On the 25th day of February, 1906, the lessee assigned his lease to the defendants, and on the 27th day of June following, Sthay and wife conveyed to the plaintiff. This action was thereafter instituted under the unlawful detainer statute to recover possession from the assignees of the lease.

The complaint alleged a letting by the plaintiff to the defendants from month to month, notice to quit, and a refusal on the part of the defendants to surrender possession. The answer denied the tenancy as alleged, admitted service of notice to quit, and a refusal to surrender possession, and set forth affirmatively the rights and claims of the defendants under the lease from Sthay and the assignments thereof. The reply denied that the defendants were holding under the Sthay lease as alleged, and attacked the validity of the lease itself on the ground that the leasehold premises were the community property of Sthay and wife; that the wife did not join in the lease or assent thereto or acquiesce therein; that the lease was not recorded, and that the plaintiff was a purchaser without notice. On these issues the case was tried, and from a judgment in favor of the plaintiff, the present appeal is prosecuted.

The refusal of the court to strike the affirmative matter from the reply is the first error assigned. In support of their motion the appellants maintain that, since the reply denied that they were holding under the Sthay lease, the validity or invalidity of that lease became immaterial. The plea that the appellants were in possession under a different lease from that set forth in the complaint was a mere argumentative denial of the allegations of the complaint, and added nothing to the denial already contained in the answer.

*Armstrong v. Musser Lumber & Mfg. Co.*, 43 Wash. 584, 86 Pac. 944, and cases cited. But the appellants injected that issue into the case, and the respondent had a right to question the validity of the lease on any ground he might choose so long as his defenses were not inconsistent. The denial that the appellants held under the lease was not inconsistent with a denial of the validity of the lease itself, and the motion to strike was properly denied.

The second assignment is that the court erred in denying a motion for nonsuit at the close of the respondent's case. The appellants did not stand on their motion, and we have repeatedly held that such motions are waived by proceeding with the trial, and that the case will thereafter be reviewed on the entire testimony only. After the denial of the nonsuit the trial proceeded principally on the issues presented by the affirmative answer and the reply. Under instructions from the court, which are free from objection, the jury found that the property in controversy was the community property of Sthay and wife, that the lease was executed by the husband alone, and that the wife had not authorized, assented to, or acquiesced in the lease. The lease was therefore invalid, and the lessees became tenants from month to month, such being the rent periods. *Watkins v. Balch*, 41 Wash. 310, 83 Pac. 321, 3 L. R. A., N. S., 852; *Dorman v. Plowman*, 41 Wash. 477, 83 Pac. 322. The month to month tenancy was terminated by the notice to quit, whether it was the tenancy described in the complaint or the tenancy under the void lease as found by the jury.

The objections to testimony and to the charge of the court are nearly all based on the ground that the testimony and instructions were not applicable to the issues presented by the complaint. But as already said, they were applicable to the issues presented by the affirmative answer, and whether these issues were properly or improperly brought into the case the appellants will not be heard to complain.

There was no error in the refusal of the court to permit counsel for appellants to read the statute or judicial decisions as part of his argument to the jury. *Gallagher v. Buckley*, 31 Wash. 380, 72 Pac. 79; *Filley v. Christopher*, 39 Wash. 22, 80 Pac. 834, 109 Am. St. 853.

This disposes of all the assignments, and finding no prejudicial error in the record, the judgment is affirmed.

HADLEY, C. J., FULLERTON, ROOT, MOUNT, CROW, and DUNBAR, JJ., concur.