[No. 10261. Department One. June 18, 1912.]

R. E. ANDERSON, *Respondent*, v. FRYE & BRUHN, *Appellant*.[1]

FRAUDS, STATUTE OF—LEASE—AGREEMENT FOR RENEWAL—VALIDITY. Under Rem. & Bal. Code, § 8745, requiring all conveyances of real estate to be by deed, and § 8746, requiring deeds to be acknowledged, and § 8802, providing that leases for any term not exceeding one year shall be valid without acknowledgment, an unacknowledged lease for one year with the privilege of renewal is void and unenforcible.

LANDLORD AND TENANT—LEASE—AGREEMENT FOR RENEWAL. A lease for one year with the privilege of two year's renewal at a rental satisfactory to both lessor and lessee, is a single contract, calling for renewal at a reasonable rental, and not subject to the objection that the agreement for renewal was without consideration or unenforcible.

LANDLORD AND TENANT—LEASE—TERMINATION. An unacknowledged lease for a term exceeding one year being void, except as a lease from month to month, may be terminated by proper notice before the expiration of the year.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered November 25, 1911, upon findings in favor of the plaintiff, in an action for rent, after a trial to the court. Reversed.

*Higgins, Hall & Halverstadt* (*Hyman Zettler*, of counsel), for appellant.

*T. W. Hammond*, for respondent.

PARKER, J.—This is an action prosecuted by the plaintiff as lessor against the defendant as lessee to recover rent claimed to be due upon a lease contract, made in writing, but not acknowledged. The language of the contract, so far as material to our present inquiry, is as follows:

"Market Lease.

"This Indenture, Made this 3rd day of February, 1910, by and between R. E. Anderson, lessor, and Frye & Bruhn, incorporated, lessee, Witnesseth:

[1]Reported in 124 Pac. 499.

"That in consideration of the payment of the rents and the performance of all the covenants herein contained by the lessee and in the manner herein stated, lessor does hereby lease, let and rent unto the lessee, the following described property situate in the city of Tacoma, county of Pierce and state of Washington, to wit:

"Stalls Nos. 30, 31, 32 and 33, on first floor of building known as Tacoma Public Market, located on the southwest corner of 11th and D streets, on lots 1 and 2, block 1108, Tacoma, Washington, and includes water and lighting except special light in any of the stalls.

"This lease is made for a term of one (1) year from date market opens (with the privilege of two years' renewal at a rental satisfactory to both lessor and lessee), at the monthly rent of one hundred ten dollars, gold coin of the United States of America, said rent to be due and payable as follows: In advance, and thereafter on the first day of each and every month; and the said lessee does hereby promise to pay the said monthly rent herein named and in the manner specified, and not to assign or sell this lease nor let nor underlet the whole or any part of said premises nor make nor suffer to be made any alteration therein without the written consent of lessor."

On June 4, 1910, the defendant entered into possession of the premises. On August 27, 1910, the defendant, deeming the lease void because unacknowledged, and that, therefore, the tenancy was one from month to month only, gave to the plaintiff the thirty days' notice provided by Rem. & Bal. Code, § 8803, of its intention to vacate the premises and terminate the tenancy on October 1, 1910. The defendant vacated the premises accordingly on October 1, 1910. In June, 1911, upon the expiration of one year after the defendant went into possession of the premises, the plaintiff commenced this action, seeking recovery of rent under this lease contract for the entire year, except for the first month thereof, which we assume had been paid at the beginning. This, it will be noticed, was a claim for the time after as well as before the vacation of the premises by defendant. Judgment was rendered against the defendant for the full

amount claimed, and it has appealed from so much of the judgment as awarded the plaintiff recovery of rent for the time subsequent to October 1, 1910, the date of the vacation of the premises.

The questions here presented relate only to the validity of this contract as a lease or as an agreement for a lease. Counsel for appellant contends that the contract is void, viewed in either of these aspects, because it is not acknowledged as required by law, and that therefore the tenancy under which appellant was in possession of the premises was nothing more than a month to month tenancy, the rent being payable monthly, which it had a right to terminate by its notice and vacation. Counsel for respondent contends that the contract does not purport to create a tenancy for a period exceeding one year, and that therefore it is not void for want of acknowledgment. Both apparently concede that, if the contract is void for want of acknowledgment, the tenancy was only from month to month, and was effectually terminated on October 1, 1910, by appellant's notice and vacation. Rem. & Bal. Code, § 8803; *Watkins v. Balch*, 41 Wash. 310, 83 Pac. 321, 3 L. R. A. (N. S.) 852; *Dorman v. Plowman*, 41 Wash. 477, 83 Pac. 322; *Ryan v. Lambert*, 49 Wash. 649, 96 Pac. 232.

The necessity for an acknowledgment of the contract here involved, as well as that it be in writing, in order to render it valid and binding upon the parties, is found in the following sections of Rem. & Bal. Code:

"Sec. 8745. All conveyances of real estate or of any interest therein, and all contracts creating or evidencing any encumbrance upon real estate shall be by deed."

"Sec. 8746. A deed shall be in writing, signed by the party bound thereby, and acknowledged by the party making it, before some person authorized by the laws of this state to take the acknowledgment of deeds."

"Sec. 8802. Tenancies from year to year are hereby abolished, except when the same are created by express written contract. Leases may be in writing or print, or partly in

writing and partly in print, and shall be legal and valid for any term or period not exceeding one year, without acknowledgment, witnesses, or seals."

In compliance with these provisions, this court has declined to recognize the validity of leases and agreements for leases of real property for a period exceeding one year when they are not in writing, and when they are not acknowledged. *Richards v. Redelsheimer*, 36 Wash. 325, 78 Pac. 934; *Watkins v. Balch*, 41 Wash. 310, 83 Pac. 321, 3 L. R. A. (N. S.) 852; *Dorman v. Plowman*, 41 Wash. 477, 83 Pac. 322; *Forrester v. Reliable Transfer Co.*, 59 Wash. 86, 109 Pac. 312. In the last cited case, the importance of the acknowledgment, in view of the provisions of the statutes making it an act to be performed as a part of the execution of the instrument and affecting its validity rather than as a mere prerequisite to its recording, was pointed out. It is apparent under these statutory provisions, that the acknowledgment of the instrument is as necessary to its validity as that it be in writing. 1 Cyc. 514. In *Richards v. Redelsheimer*, touching the question of the necessity of an agreement for a lease, as well as a formal lease, being in writing, the court said:

"When we come to consider the history of the statute, and the abuses which it sought to correct, principal among them being the tendency to fraud and perjury, it is difficult to distinguish any substantial difference between an oral contract to execute a written lease of real estate and an oral lease of real estate. For instance, an oral lease, which was clearly within the statute, could be construed to be a contract for a lease, and thus take the case out of the statute, and accomplish indirectly what could not be done directly. Brown, Statute of Frauds, 139, and cases therein cited."

See, also, 20 Cyc. 229.

This language would be equally applicable to the necessity of an acknowledgment to the instrument, under our statutes above quoted, since, as we have seen, acknowledgment is as necessary as writing. If absence of writing renders

the contract void, the absence of acknowledgment, also renders it void.

Learned counsel for respondent argues that this contract does not purport to create in appellant a present interest in the premises beyond the one-year term; that is, that it is a lease for one year only, with the added agreement for renewal, which means the making of another lease at the end of the year, and hence, does not require acknowledgment in so far as its validity as a lease for one year is concerned. He has industriously collected, and ingeniously applied in his argument, many authorities dealing with the technical legal nature of the present interest created in a lessee, by a lease for a fixed term containing a covenant for renewal or extension beyond the term. We will find, however, as we proceed that this question is not controlling here, in view of our holding that it is as necessary to have an agreement for a lease acknowledged, as it is to have a formal lease acknowledged. It would seem that this argument of counsel could only be successfully maintained on the theory that there is evidenced by this writing two separate contracts, one being a lease for one year, the other being an agreement for the giving of a new lease at the end of the year; and that the validity of each can be determined without reference to the other. This theory, if sound, of course would enable us to hold the lease for one year valid, regardless of the validity of the agreement for renewal. But this, it seems to us, is wholly untenable. While this is a contract in which the parties have agreed to different things; the writing manifestly evidences a single transaction and a single contract, each of its parts being related to all its other parts. We cannot say that appellant would have agreed to take the premises for one year and assume the obligation to pay rent therefor during that term without the agreement on the part of respondent for renewal which we find in this writing. Indeed, we must presume that each of the covenants agreed to be performed by one party formed a part of the inducement for the other

party entering into the contract. This being a single contract, the agreement for renewal.is inseparable from the lease for one year; and it being necessary to have the renewal agreement acknowledged, even if standing alone, we need not concern ourselves with the technical legal nature of the lessee's present interest under the renewal agreement. The fact remains that the renewal agreement must be acknowledged whether regarded as a technical lease or as an agreement to execute a lease.

Some contention is made by counsel for respondent that the language of the renewal clause of this contract, to wit, "with the privilege of two·years' renewal at a rental satisfactory to both lessor and lessee," is not such a complete agreement for renewal as is enforcible in law; the argument being that respondent would not be required to renew, because he would have the absolute right to decide that any rent would be unsatisfactory to him. Of course, if he would have such right, that part of the agreement would not obligate him to do anything, and for that reason probably could be ignored and thus leave nothing in the contract except the one year's lease. It is manifest that this language was put into the contract with a view to giving appellant some rights looking to a renewal which it would not otherwise have. This of course is inconsistent with the notion that respondent can, by any arbitrary action on his part, nullify this portion of the contract. The right of a party to exercise a right to arbitrarily decide a question arising under the terms of the contract, has often been the subject of consideration by the courts. In the case of *Parlin & Orendorff Co. v. Greenville*, 127 Fed. 55, 59, the United States Circuit Court of Appeals for the Fifth Circuit observed:

"The courts have had frequent occasion to construe contracts for the rendition of services, the manufacture of articles, and the construction or improvement of works, wherein it was agreed as a condition precedent to payment that the services, articles, construction, or improvement should be satisfactory to the promisor. Such contracts are of two

kinds: First, where the right of decision is completely reserved to the promisor without his being required to disclose the reasons for his determination, and all right to inquire into the grounds of his decision or to examine and overhaul his determination by the promisee or the courts is absolutely excluded. The law regards the parties as competent to contract in that manner, and, if the contract is to that effect, it is the law of the case. Second, where the promisor is held to have undertaken to act reasonably and fairly and to found his determination on grounds which are reasonable, just, and sensible. Where the construction of the contract puts it in the second class, it follows as a necessary implication that the promisor's decision, in point of correctness and the adequacy of his grounds, is open to judicial determination.

"Whether a particular contract falls within the first class, where the promisor's decision is final, or in the second class, where it is subject to judicial investigation, depends on the special circumstances of each case. In contracts which involve the taste, feelings, or sensibility of the promisor, he may reject an article or work arbitrarily which has been mutually agreed should be made or done to his satisfaction. *Pennington v. Howland,* 21 R. I. 65, 41 Atl. 891, 79 Am. St. Rep. 774 (pastel portrait); *Gibson v. Cranage,* 39 Mich. 49, 33 Am. Rep. 351 (portrait); *Zaleski v. Clark,* 44 Conn. 218, 26 Am. Rep. 446 (bust); *Brown v. Foster,* 113 Mass. 136, 18 Am. Rep. 463 (suit of clothes).

"There are also contracts subject to the same construction where questions of taste are not involved. It sometimes appears from the terms of the contract and the circumstances surrounding the parties that the promisor retained the unqualified right to reject the article or work if not satisfied with it; that his freedom of choice was not to be exposed to any contingency or subject to any review. Such contract may be injudicious and indiscreet on the part of the contractor who agrees to do work and furnish material on such a hazardous contingency, but, when such is clearly the agreement, the courts cannot afford relief against the consequences resulting from a bargain fairly made by competent parties. *Wood Machine Co. v. Smith,* 50 Mich. 565, 15 N. W. 906, 45 Am. Rep. 57 (reaping machine); *Singerly v. Thayer,* 108 Pa. 291, 2 Atl. 230, 56 Am. Rep. 207 (elevator); *McCarren v. McNulty,* 7 Gray 139 (bookcase).

"When the terms or the nature of the contract, or the

circumstances, are such as to make it doubtful whether the contractor has really agreed that the promisor shall have the absolute and unreviewable right to reject the article or the work if not satisfied with it, the courts have usually construed such contracts as 'agreements to do the thing in such a way as reasonably ought to satisfy the defendant.' In *Hawkins v. Graham*, 149 Mass. 284, 21 N. E. 312, 14 Am. St. Rep. 422, where a heating apparatus 'satisfactory' to the promisor was to be furnished, it was held that the satisfactoriness was 'to be determined by the mind of a reasonable man, and by the external measures set forth in the contract, not by the private taste or liking of the defendant.' In reaching this conclusion the court was influenced somewhat by the fact that the consideration furnished 'was of such a nature that the value will be lost to the plaintiff, either wholly or in great part,' by a different construction of the contract."

Now if, under this contract, the decision of respondent upon the question of rental in the event of appellant's electing to renew was to be made at the commencement of the original term of the lease, or before appellant would partly perform the contract on its part, it would lose nothing however arbitrary the decision of respondent might be. But when we remember that such decision was to be made by respondent after the full performance by appellant of its covenant to pay rent for the full term of the original lease, this contract falls squarely within the principle suggested by the latter part of the above quoted language from *Parlin & Orendorff Co. v. Greenville, supra;* since this contract does not involve a question of taste, feelings, or sensibility on the part of respondent, nor is there in this contract any specific agreement that the decision of respondent as to the amount of rent he may demand for the renewal shall rest finally with himself. It is difficult to see that there would be anything involved in his decision touching the amount of rental upon renewal, except a question of reasonable rent for the renewal. This principle has been applied to the relation of landlord and tenant in *Arnot v. Alexander*, 44 Mo. 25, 100 Am. Dec.

252; and *Mullaly v. Greenwood,* 127 Mo. 138, 29 S. W. 1001, 48 Am. St. 613, though the provisions in the leases there involved do not seem to be exactly like the one here involved.   This principle has also been recognized by this court in *Dean v. Williams,* 56 Wash. 614, 106 Pac. 130, where there was to be furnished "a perfect title satisfactory to the purchaser," in a real estate deal; and in *Seattle Automobile Co. v. Stimson,* 66 Wash. 548, 120 Pac. 73, where there was involved the contingent happening of an event which did not happen.   *Richison v. Mead,* 11 S. D. 639, 80 N. W. 131; *Keeler v. Clifford,* 165 Ill. 544, 46 N. E. 248; *Moot v. Business Men's Inv. Ass'n,* 157 N. Y. 201, 52 N. E. 1, 45 L. R. A. 666; *Fechteler v. Whittemore,* 205 Mass. 6, 91 N. E. 155.   We think that this agreement for renewal would not be rendered unenforcible merely because the amount of rental for the renewal was left to the satisfaction of both parties; but that respondent, upon demand of appellant at the expiration of the year, would be required to renew at a reasonable rental.

We conclude that the contract here involved must stand or fall as a whole; that, if properly executed by acknowledgment as the statute requires, it would be enforcible; that, not having been acknowledged as the law requires, it is void and unenforcible; that the tenancy under which appellant was in possession of the property prior to October 1, 1910, was terminated on that day by notice and vacation, and that appellant is not liable for the payment of rent thereafter. It follows that the judgment must be reversed in so far as it awards rent in favor of respondent and against appellant for any time after October 1, 1910.   It is so ordered.

DUNBAR, C. J., CROW, GOSE, and CHADWICK, JJ., concur.