[No. 14626.   Department One.   July 16, 1918.]

O. E. ERIKSEN *et al., Appellants,* v. MANUFACTURERS DISTRIBUTING COMPANY, *Respondent.*[1]

LANDLORD AND TENANT—TENANCY FROM MONTH TO MONTH—LEASE. Possession under an unacknowledged lease for a term of years, unenforceable under the statute of frauds, creates a tenancy from month to month, under Rem. Code, § 8803, relating to tenancies for an indefinite time.

FRAUDS, STATUTE OF—LEASE—INDIVISIBLE CONTRACT. Where a lease for a term of years is void under the statute of frauds for want of acknowledgment, it cannot be enforced as to obligations to be performed upon the expiration of the term, where its several stipulations are so interdependent that the parties contracted with a view to its performance as a whole.

Appeal from a judgment of the superior court for King county, Jurey, J., entered March 10, 1917, upon granting a nonsuit, dismissing an action on contract, tried to the court. Affirmed.

*Byers & Byers,* for appellants.

*J. P. Wall,* for respondent.

PARKER, J.—The plaintiffs, Eriksen and wife, seek recovery of damages which they allege resulted to them

[1]Reported in 173 Pac. 1095.

from the breach by the defendant of a lease contract. Trial in the superior court for King county resulted in judgment of dismissal and denial of recovery, upon motion made by counsel for defendant at the close of the plaintiffs' evidence challenging the sufficiency of the evidence to warrant any recovery by the plaintiffs. From this disposition of the cause, the plaintiffs have appealed to this court.

In April, 1914, these parties signed a contract purporting to be a lease of certain business premises in Seattle from appellants to respondent for the term of five years, commencing May 1, 1914, and ending May 1, 1919, at a rental of $250 per month. This contract was not acknowledged by either party, and respondent went into possession of the premises, continuing such possession and paying rent at the rate of $250 per month until February 29, 1916, when it vacated the premises and refused to further occupy the same or pay rent therefor. Respondent, being advised that the lease contract was not an enforcible contract because it had not been executed as required by law, in that its execution had not been acknowledged by either of the parties thereto, and being advised that the tenancy was in law only a tenancy from month to month, gave to appellants notice of its intention to vacate the premises and terminate the tenancy on February 29, 1916, at which time it did vacate the premises, having paid rent in full up to that time. It is plain that the notice of the termination of the tenancy was given strictly as required by Rem. Code, § 8803, and was effectual to terminate the tenancy, if it was in law a tenancy from month to month only. The damages sought to be recovered are such that appellants' right of recovery depends wholly upon the written lease being enforcible as such. Indeed, their claimed right of recovery is based wholly upon that contract.

The facts above summarized render our problem a very simple one in the light of our former holdings. We have repeatedly held that an oral or unacknowledged written lease is rendered unenforcible by our statute of frauds, though if a lessee enter into possession of premises under such a lease contract he becomes a tenant from "month to month, or from period to period on which the rent is payable," as provided by § 8803 relating to tenancies for an indefinite time: *Watkins v. Balch,* 41 Wash. 310, 83 Pac. 321, 3 L. R. A. (N. S.) 852; *Dorman v. Plowman,* 41 Wash. 477, 83 Pac. 322; *Ryan v. Lambert,* 49 Wash. 649, 96 Pac. 232; *Forrester v. Reliable Transfer Co.,* 59 Wash. 86, 109 Pac. 312, Ann. Cas. 1912A 1093; *Anderson v. Frye & Bruhn,* 69 Wash. 89, 124 Pac. 499; *Backus v. Feeks,* 71 Wash. 508, 129 Pac. 86, Ann. Cas. 1914C 553.

Counsel for appellants place some reliance upon the last cited decision as effecting a modification of our former holding, but, when critically read, we think it does not do so. That was not an action against a party to the unacknowledged lease, but against a surety of one of the parties thereto, guaranteeing performance of the contract by such party, and it was merely held that the statute of frauds was not available to the surety, though it would have been to the principal, who was a party to the lease.

Some contention is made in appellants' behalf that the lease contract should be held valid and enforcible, at least as to certain things therein agreed to be done by respondent. It seems plain to us, however, that this contract is not divisible. The obligations it imposes upon respondent for which damages are here sought by appellants, other than the payment of rent during the whole term, were to be performed upon the expiration of the term. We cannot say the parties would have

agreed to the several stipulations of the contract except in contemplation of it being a single contract to be viewed as a whole. *Anderson v. Frye & Bruhn, supra; Godefroy v. Hupp,* 93 Wash. 371, 160 Pac. 1056. In the last cited case, at page 377, Judge Ellis, speaking for the court, said:

"If the several stipulations of a single contract are so interdependent that the parties cannot reasonably be considered to have contracted but with a view to the performance of the contract as a whole, and any part of the contract is subject to the ban of the statute of frauds, then no recovery can be had upon any part of it."

It seems quite clear to us that the judgment of the trial court must be affirmed. It is so ordered.

MAIN, C. J., MITCHELL, TOLMAN, and FULLERTON, JJ., concur.