[No. 21461. Department One. December 4, 1928.]

UNION OIL COMPANY OF CALIFORNIA, *Appellant*, v. E. H. WALKER, *Respondent*.[1]

*Thomas P. Gose, Jr. (Stratton & Kane,* of counsel), for appellant.

*John C. Hurspool,* for respondent.

BEALS, J.—June 15, 1927, plaintiff leased to defendant certain premises in Walla Walla county for

[1]Reported in 272 Pac. 64.

the term commencing June 24, 1927, and ending December 31, 1929, at a monthly rental of $50. Among other provisions, the lease contained the following:

"Either party shall have the right at any time during the term hereof to terminate this agreement and lease contract by giving the other party thirty days' notice in writing of its intention so to do, providing notice is not given before December 31, 1927."

Under this lease, which was unacknowledged, defendant took possession of the premises described therein, and upon January 2, 1928, plaintiff caused to be served upon defendant a written notice, as follows:

"December 31, 1927.
"Mr. E. H. Walker,
9th and Main Sts.,
Walla Walla, Washington.
"Dear Mr. Walker:
"We will please refer you to operating agreement or lease covering Service Station No. 191 at Walla Walla, Washington.
"As per the terms of this lease we are herewith notifying you to vacate the premises and buildings designated as Service Station No. 191 at Main and Ninth Streets, Walla Walla, Washington, on January 31, 1928. Yours truly,
"Union Oil Company of California
"C. C. Ireland,
"District Sales Manager."

Defendant failing to vacate the premises, plaintiff brought this action to obtain possession thereof and caused a writ of restitution to issue, under which writ the sheriff dispossessed defendant and placed plaintiff in possession.

Defendant answered, maintaining the rightfulness of his possession of the premises covered by the lease, and asserting the wrongfulness of his eviction therefrom. Plaintiff in his reply alleged a voluntary surrender by defendant, which issue, in view of our

opinion upon the main question involved, is immaterial.

The trial court was of the opinion that, while the lease, being unacknowledged, was undoubtedly, under the decisions of this court, no more than a lease from month to month, still the clause providing for the termination of the tenancy by thirty days' written notice from either party was valid, and that, as the notice of termination given by plaintiff to defendant required defendant to surrender the premises on January 31 and was served on defendant January 2, the notice given was insufficient and plaintiff obtained no right thereby to possession of the premises. Judgment was entered dismissing the action, from which plaintiff appeals.

■■ The question before us for determination is whether, under the circumstances stated, the lease was subject to termination upon giving the statutory twenty day notice, pursuant to Rem. Comp. Stat., § 812, or whether the provision of the lease providing for termination thereof by giving thirty days' notice controls.

The lease, providing for a monthly rental, being unacknowledged and for a term longer than one year, creates, under the decisions of this court, no more than a tenancy from month to month. *Anderson v. Frye & Bruhn*, 69 Wash. 89, 124 Pac. 499; *Eriksen v. Manufacturers Dist. Co.*, 103 Wash. 159, 173 Pac. 1095. In the former case this court, speaking through Judge Parker, said:

"We conclude that the contract here involved must stand or fall as a whole; that, if properly executed by acknowledgment as the statute requires, it would be enforcible; that, not having been acknowledged as the law requires, it is void and unenforcible."

In the latter case above cited this court, again speaking through Judge Parker, said, referring to a con-

tract of lease unenforcible as to the length of the term attempted to be created thereby because unacknowledged:

"Some contention is made in appellants' behalf that the lease contract should be held valid and enforcible, at least as to certain things therein agreed to be done by respondent. It seems plain to us, however, that this contract is not divisible. The obligations it imposes upon respondent for which damages are here sought by appellants, other than the payment of rent during the whole term, were to be performed upon the expiration of the term. We cannot say the parties would have agreed to the several stipulations of the contract except in contemplation of it being a single contract to be viewed as a whole."

Respondent relies upon the case of *Backus v. Feeks,* 71 Wash. 508, 129 Pac. 86, Ann. Cas. 1914C 553, which was an action against the sureties upon a bond given to secure faithful performance of an unacknowledged lease for a term longer than one year. It was held that the judgment was rightfully rendered against the sureties, the lessees having abandoned the premises without notice to the lessors. The court held that an unacknowledged lease for a term longer than one year, possession having been taken thereunder, creates a valid tenancy from month to month, which tenancy subsists until terminated by the statutory notice, or by agreement of the parties or operation of law, and such a lease therefore constitutes a sufficient consideration for the undertaking of sureties in a bond given by the tenant to secure his faithful performance of the lease. In the course of the opinion Judge Gose, speaking for the court, says:

"While the lease was not enforceable other than as a tenancy from month to month, it was not void, but valid and binding, until terminated by the statutory notice. In *Northcraft v. Blumauer,* 53 Wash. 243, 101 Pac. 871, 132 Am. St. 1071, we said that a parol lease

of real property for a period longer than one year, where the lessee had taken possession with the consent of the lessor, 'is only voidable.' In *Koschnitzky v. Hammond Lum. Co.,* 57 Wash. 320, 106 Pac. 900, in considering the effect of an unacknowledged lease of real property for a term exceeding one year, we said: 'So that it will be seen that the statute does not make the lease void *in toto*;' but that, in the absence of such equities as would work an estoppel, it would create a tenancy from month to month or from period to period on which rent was payable, terminable by giving proper notice. In *Anderson v. Frye & Bruhn,* 69 Wash. 89, 124 Pac. 499, we held, that an unacknowledged lease of real property for the term of one year 'with the privilege of two years' renewal,' at a stipulated monthly rental, created a paper tenancy for a period exceeding one year, that it was not enforceable as a lease for one year only, but that it was a lease from month to month, and terminable by either party upon his giving the notice provided by the statute, Rem. and Bal. Code, § 8803.''

Other reasons are also assigned for the affirmance of the judgment against the sureties, and it is clear that the case last referred to is not in point upon the questions now before us for determination.

Following the prior decisions of this court, it follows that such a provision as that in the lease between the parties to this action, providing for termination thereof upon thirty days' notice by either party, the lease being unacknowledged and for a term longer than one year, is ineffectual for any purpose, and the lease is subject to termination by either party upon giving any statutory notice, one of such statutory notices being, as far as the landlord is concerned, a twenty day notice, as provided by Rem. Comp. Stat., § 812. We accordingly hold that, in so far as the question now before us for decision is concerned, the contract of lease is not divisible, and that the provision

contained therein providing for the termination thereof on thirty days' notice is void.

Respondent contends that because the notice given him by appellant, *supra,* contains the words ''as per the terms of this lease,'' and because appellant in its complaint alleged that notice to terminate the tenancy was given according to the terms of the lease, the action must fail. As we hold that the provision of the lease relied upon by respondent is ineffective, it follows that the reference to the lease in the notice given by appellant to respondent is mere surplusage, and that the notice, if otherwise sufficient in form, is good. In our opinion, the notice given constitutes a sufficient compliance with the statute, *Newman v. Worthen,* 57 Wash. 467, 107 Pac. 188, and the tenancy was lawfully terminated thereby.

The judgment appealed from is reversed with instructions to enter a judgment in favor of appellant.

FULLERTON, C. J., MITCHELL, and TOLMAN, JJ., concur.