[Decided January 8, 1887.]

## DANIEL HOOVER *v.* DAVID J. CHAMBERS.

1. REAL PROPERTY — LEASE — ENCUMBRANCE. — A lease of lands in this territory is an encumbrance upon real estate within the meaning of section 2410 of the Code.

2. STATUTE OF 32 HENRY VIII. — In this territory the statute of Henry VIII., under which the rights of the remainderman or reversioner to rent pass to his assignee or vendee, *is* in force as an amendment to and part of the common law of England; but the doctrine that under the condition of things there a lease is not in general to be considered an encumbrance is plainly not applicable to affairs in this territory, where the condition of things is widely different.

3. HUSBAND AND WIFE — COMMUNITY PROPERTY — CONTRACT — ENCUMBRANCE. — A contract by a married man to make a lease of community real estate, without his wife joining in the manner prescribed by section 2410 of the Code, is clearly in contravention of the prohibition on the husband contained in that section. The case of *Jackson* v. *Holyoke*, 3 Pac. Rep. 841, affirmed.

APPEAL from the District Court holding terms at Olympia. Second District.

The material facts are stated in the opinion of the court.

*Messrs. Porter & Robinson*, for the Appellant.

This defense is, that the land was community property, and that the wife did not join in the execution of the lease. Admitting, for the purposes of argument, that such a plea *may be* interposed as a defense, we still insist that it was a personal privilege, to be exercised alone by the wife. The husband will not be permitted to avoid his contract, by hiding behind his wife's "personal privileges." (Code, secs. 23, 24; *Cross* v. *Evarts*, 38 Tex. 525; *Thomas* v. *Chance and Wife*, 11 Tex. 634.)

The lease, being "a contract for the possession, profits of land and tenements, on the one hand, and rents or income on the other," and the interest passed thereby being personal in its nature, and falling below the character and dignity of a "freehold," is but a "chattel interest,"

and governed in the same manner as other chattels. (Warville on Abstracts, 297; 2 Kent's Com. 342; Taylor on Landlord and Tenant, secs. 27, 51; *Goodwin* v. *Goodwin*, 33 Conn. 314.)

The husband, having the right "to manage the community real property," has authority thereby to make a contract for and execute a lease without the wife joining him. (Code, sec. 2410.)

The creation of such an instrument as is contemplated by section 2410 of the Code must give birth to a "something" that attaches to and binds the very essence or lifeblood of the community real estate, and dies only on receipt of a portion (or an equivalent) of that to which it attaches. A lease is not such an instrument. A lease is not an encumbrance. (1 Bouvier's Law Dict. 696; 2 Greenl. Ev., sec. 242; *Town of Clinton* v. *Town of Westbrook*, 38 Conn. 10; *Schaeffer* v. *Weed*, 8 Ill. 511; S. C., 3 Am. Dec. 246, and authorities cited on p. 249; *Kelley* v. *Stephens*, 39 Ga. 468; *Redman* v. *Phœnix Insurance Co.*, 51 Wis. 292.

*Mr. T. M. Reed, Jr.*, and *Mr. J. P. Judson*, for the Appellee.

Equity will not enforce the specific performance of an agreement, which, if made, would be in contravention of the design and policy of the law. (*Bogan* v. *Camp*, 30 Ala. 276; *Blanchard* v. *Railroad Co.*, 31 Mich. 43; *Bank* v. *Tucker*, 42 Cal. 347; *Bowman* v. *Cunningham*, 78 Ill. 48; *Deal* v. *Hair*, 54 Am. Dec. 179; *Saylor* v. *Tibbits*, 5 R. I. 79.)

According to the affirmative defense, the property of which appellant seeks to make the appellee execute a valid lease for a term of years is community property, belonging to appellee and his wife, and known to be such by appellant. Such being the admitted *status* of the property, the exact question presented is, whether the husband alone can make a valid lease of community real property. If, under our statute, he cannot, a decree,

such as sought by appellant, will be nugatory, and a court of equity will not decree the performance of an agreement that will be void. (3 Pomeroy's Eq. Jur., sec. 1405, and notes; *Buck* v. *Smith*, 29 Mich. 166; *Rust* v. *Conrad*, 47 Mich. 449; *Warren* v. *Richmond*, 53 Ill. 52.

The husband has no power to make a lease of community real property. (*Holyoke* v. *Jackson*, 2 West Coast Rep. 788; Code, sec. 2410.)

A lease creates an encumbrance on real estate. (Code, sec. 3341; *Prescott* v. *Trueman*, 3 Am. Dec. 246; *Grice* v. *Scarborough*, 42 Am. Dec. 393; Bouvier's Law Dict., tit. Estates for Year; 1 Washburn's Real Property, 4th ed., 70, 436, 437; 2 Sharswood's Bla. Com. 140, note.'

The counsel for appellant states in his brief that the action is brought for the purpose of reforming a written sealed "paper writing." If the theory of counsel is correct, the bill is based upon the mistake in the execution of the paper writing, and the adding of the words in reference to the dissolution of the agreement. The mistake in the execution of the instrument being a mistake of law, equity will not relieve against it. (2 Pomeroy's Eq. Jur., secs. 841, 842, 846.) The written instrument set forth in the bill cannot be considered to be the contract or agreement for a lease. It is not a lease. It is simply a personal contract, determined upon the death of either party. (*Chandler* v. *Pickering*, 10 Pick. 205; *Griswold* v. *Cook*, 46 Conn. 198; *Caswell* v. *Destrich*, 15 Wend. 381; *Taylor* v. *Bradley*, 39 N. Y. 129, 135; *Maverick* v. *Lewis*, 3 McCord, 211; *Webber* v. *Sisson*, 54 N. Y. 121.

Mr. Chief Justice GREENE delivered the opinion of the court.

This is an appeal from a final decree of the District Court, rendered upon overruling a demurrer to an affirmative defense to a complaint in equity. Suit was brought to compel the defendant to comply with an alleged agreement of his to execute to the plaintiff a

lease of a certain farm. To the allegations of the complaint, the defendant, after denials, pleaded, "that the premises described in plaintiff's complaint are community property, belonging to the defendant and his wife, Elizabeth Chambers; that prior to making the lease to plaintiff, and at the time of making said lease, the plaintiff knew the defendant was a married man living with his wife, and that the premises so described were community property."

To this the defendant demurred. A single question is decisive of this demurrer, namely, Is a lease in this territory an encumbrance upon real estate? For if it be such an encumbrance, then this case falls within the decision in *Jackson* v. *Holyoke,* 3 Pac. Rep. 841, and the district judge was right in overruling the demurrer; but if it be not such, then the affirmative matter of the answer was no defense, and the judgment based upon it is erroneous.

In *Prescott* v. *Trueman,* 4 Mass. 627, an action brought upon a covenant that certain land was free from encumbrances, Chief Justice Parsons defines an encumbrance to be "every right to or interest in the land granted, to the diminution of the value of the land, but consistent with the passing of a fee of it"; and he illustrates by instancing "an easement" and "a claim of dower." This definition is drawn from older cases and writers on the law of real property, and is of general acceptation. From it we are able to see that in England, under the common law and since the statute of 32 Hen. VIII., and in the condition of things then prevailing, land being mostly accumulated into large holdings, and hence under lease, and the value of it slowly if at all appreciating, and dependent upon and estimated from its rent-roll, a lease would not necessarily nor even ordinarily be deemed an encumbrance, but the contrary. Whether or not it was an encumbrance would then depend upon circumstances, and might, we should suppose, in a particu-

lar case become a question of fact. Thus a note to the 5th volume of Powell on Conveyances, 24, cited in *Grice* v. *Scarbrough,* 2 Speers, 649, says that "leases outstanding at rack-rent are not encumbrances on large estates, because the income principally depends upon occupiers. *Contra,* of a small estate, where there is but one tenant; there possession may be the main object." And the covenant formerly, and perhaps still, inserted in English conveyances, that the grantee shall be "saved harmless from and against all and all manner of former gifts, grants, feoffments, leases, mortgages, bargains, sales, jointure, dower, etc., and all encumbrances whatsoever," meets the case only of a lease that is harmful, and not that of one which is advantageous or "harmless." (Platt on Conveyances, 330; 3 Law Lib. 146.) It is this relation of the English condition of things to the question of whether a lease is an encumbrance that explains the absence from English law books of any authority on the point at bar, an absence which we are not able to verify, but is noted in *Grice* v. *Scarborough, supra.*

In this territory the statute of 32 Hen. VIII., under which the rights of the remainderman or reversioner to rent pass to his assignee or vendee, is in force as an amendment to and part of the common law of England; but the doctrine that under the condition of things there a lease is not in general to be considered an encumbrance is plainly not applicable to affairs in this territory, where the condition of things is widely different. There land is generally in large holdings, here in small; there rent is principally sought, here possession; there the value of land is comparatively fixed and stable, here it is fluctuating and generally and rapidly appreciating; there land is capital, here it is a commodity; there its uses remain largely the same from generation to generation, here they are infinitely varied, and changeable with every new possessor.

We are therefore of opinion that according to the

principle contained within the old and approved definition of an encumbrance, a lease must be deemed such in this territory. A similar conclusion as regards a lease in South Carolina was reached by the Supreme Court of that state in *Grice* v. *Scarborough, supra,* though not by the same line of reasoning.

Since, then, a lease is to be regarded as an encumbrance, a contract by a married man to make a lease of community real estate, without his wife joins in the manner prescribed by section 2410 of our Code, is clearly in contravention of the prohibition on the husband contained in that section, and it follows that the case before the court is within the decision of *Jackson* v. *Holyoke, supra.*

Let the judgment of the District Court be affirmed.

TURNER, J., and LANGFORD, J., concurred.