[No. 17125. *En Banc.* January 3, 1923.]

# N. S. Paik, *Respondent*, v. Joe Chung *et al., Defendants,* Louie Fong Company, *Appellant.*[1]

APPEAL (274)—RECORD — STATEMENT OF FACTS — INCORPORATING EXHIBITS. The proceedings and transcript of record in another cause, filed on stipulated facts, will be struck out if not made a part of the record on appeal by bill of exceptions or statement of facts.

CROPS (2)—OWNERSHIP—TITLE WHEN PASSES. The title to growing crops on leased land does not necessarily pass with the title to the land, the same depending on the contract of lease.

LANDLORD AND TENANT (5, 17)—LEASE—INCUMBRANCE—RIGHTS OF GRANTEE. An agricultural lease is an incumbrance upon the land, and a purchaser of the land with notice takes subject thereto, since the title of the crops, whether severed or not, may be in one, and to the land in another.

AGRICULTURE (5, 8) — CROPS (2)—LIEN—RIGHT TO—PRIORITY. Under Rem. Comp. Stat., § 1188, giving a laborer's lien on crops which shall be prior to other liens, a purchaser of land subject to lease cannot claim title to the crops upon forfeiture of the lease, as against an employee of the lessee who filed his claim for a lien on the crops within forty days since the cessation of the labor; notwithstanding Id., § 1189 (excepting from the lien the interest of the lessor in any portion of the crop) where the rental was payable in cash.

SAME (5, 8)—RELATING BACK. A farm laborer having complied with the statute for filing liens, within the time limited after cessation of the work, his rights relate back to cover the entire period of his continuous employment.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered October 28, 1921, upon findings in favor of the plaintiff upon stipulated facts, in an action to enforce a lien upon crops. Affirmed.

*Parker, La Berge & Parker,* for appellant.

*D. H. Bonsted,* for respondent.

[1]Reported in 211 Pac. 729.

Holcomb, J.—On August 1, 1921, respondent filed a notice of claim of lien in the office of the auditor of Yakima county, upon the entire crop of potatoes and sugar beets on about forty acres of land, therein described. The owner or reputed owner of the crop was stated as Joe Chung, and it was alleged that Chung employed respondent to perform such labor upon an agreement for the payment of $75 per month; that respondent worked upon the crops for a period of five months, commencing March 1, 1921, and ending July 29, 1921; that the amount due respondent for the services so rendered was $375, and that no part thereof had been paid.

In July, 1921, respondent began his action against Joe Chung, and also against Louie Fong Co., a corporation, by the service of a summons and complaint to foreclose his farm laborer's lien, and alleged that appellant Louie Fong Co., a corporation, has, or claims to have some right, title, claim, lien or interest in and to the premises above described and the aforesaid crop and crops growing and maturing thereon, which right, title, claim, lien or interest of the defendant Louie Fong Company, if any, is wholly inferior and subordinate to the lien of the plaintiff in and to the described crops as aforesaid.

Appellant Louie Fong Co. answered by general and specific denials, and also by affirmative answer, set up a lease contract providing for a cash rental, between defendant Chung and appellant, and the forfeiture thereof by appellant upon provisions expressed in the lease; and alleged that, on July 19, 1920, appellant took possession of the premises and has ever since been in possession thereof, and that the alleged lien of respondent is inferior and subordinate to the rights and lien of the appellant. The affirmative allegations of the answer were put in issue by respondent in his

reply. Defendant Chung defaulted and judgment was entered upon his default.

Upon the trial, the trial court recited that the facts were orally stipulated in open court between respective counsel, and thereupon the court made findings, and upon his findings concluded that respondent was entitled to his lien against all the crops grown upon the lands described and declaring the lien of respondent superior to the rights of the appellant.

Appellant assigns as error, first, that the court erred in establishing the lien against the crops; and, second, in declaring the lien of respondent superior to the rights of appellant.

Respondent filed in this court a purported transcript of a record in a certain case in Yakima county, entitled "Louie Fong Co., a corporation, plaintiff, v. Joe Chung and I. S. Choi, defendants," showing the pleadings and judgment therein. Appellant moves to strike this transcript from the records. This motion must be granted. The transcript is stricken from the record because not made a part of the record in the instant case.

Appellant first asserts that growing, immature, unsevered crops are a part of the premises and title thereto passes with the premises, and the fact that the lease was forfeited by the owner, who took possession of the land before the crops growing thereon had matured, passed title to the crops to the owner, Louie Fong Co.

That is not always true. The stipulated facts and the findings of the trial court are that, during all the times between March 1, 1921, and July 29, 1921, defendant Chung was in lawful possession of the land described, under and by virtue of a lease between Louie Fong, as lessor, and Chung and Choi, as lessees.

It is also found that, during all that time, the defendant Chung was in lawful possession of the premises and the lawful owner of the potatoes and sugar beets growing thereupon; that the plaintiff, during all that time, had knowledge that Chung occupied the premises as lessee of Fong; that Fong conveyed the lands to the appellant corporation, subject to the terms and conditions of the lease between Fong and Chung; that appellant corporation entered into possession of the lands on July 25, 1921, and at all times since that date has been in actual possession thereof, and of the crops growing and maturing thereon; that appellant had partially harvested the crop of potatoes and had in its possession on the premises upwards of two hundred tons of the potatoes so harvested; that the sugar beets were then on the premises at the time of the trial unharvested and unsevered therefrom.

Appellant also erroneously asserts that it must be regarded as a *bona fide* purchaser in this matter, and cites our cases, *Akers v. Lord,* 67 Wash. 179, 121 Pac. 51, and *Chute v. Brown,* 103 Wash. 364, 174 Pac. 438, to the effect that a *bona fide* purchaser of farm products, without notice of lien, will be protected against such lien.

Appellant cannot be so considered. Appellant was the owner of the premises and was an incumbrancer under the lease. Such a lease has been held in this state to be an incumbrance upon real estate. *Hoover v. Chambers,* 3 Wash. Terr. 26, 13 Pac. 547; *Richards v. Redelsheimer,* 36 Wash. 325, 78 Pac. 934.

We have often held that, as to land and crops grown thereon, the land may belong to one and the crops to another, even without severance. *Churchill v. Ackerman,* 22 Wash. 227, 60 Pac. 406; *Snyder v. Harding,* 38 Wash. 666, 80 Pac. 789; *Lynch v. Sprague Roller Mills,* 51 Wash. 535, 99 Pac. 578.

In the last case cited, it was said:

" 'The title to crops raised by one man on another man's farm depends largely if not entirely upon the contract between the two men. If the contract amounts to a lease or demise of the land by the owner to the occupier, then clearly the crops belong to the occupier whether he pays rent in money, or in kind by a share of the crops. The occupier in such a case becomes the owner *pro hac vice,* and has title to the products of the farm until division.' " 24 Cyc. 1469.

Of course, if an incumbrance becomes merged in the legal title before the crops are matured and severable, where the occupier becomes possessed of the land and grows the crops subject to the prior incumbrance, the crops will go with the land as a rule. *Union Farm Land Co. v. Isaacs,* 106 Wash. 168, 179 Pac. 84.

Here, we have a statutory lien, which, under the statute, Rem. Comp. Stat., § 1188, shall be a preferred lien, and shall be prior to other liens. It does not attach to the land or to any interest in the land. It attaches to the crop only. In the same statute the landlord is given the right to a lien for his share of the crop or the rental, but the landlord here is not claiming a lien.

That "the interest of any lessor in any portion of the crop raised where the premises are leased in consideration of a share of the crop raised shall not be subject to such lien" [of the farm laborer] (Rem. Comp. Stat., § 1189) does not aid him, for here the rent is a cash rental. In fact, he merely took possession of the land under what he claims was a forfeiture of the lease and claims that thereby he obtained possession of and title to the crops, and a superior right to respondent's lien. We cannot assent thereto. The laborer assisted in the production and preservation of the crop. Repossession by the landlord was subsequent to the performance of nearly all of the labor of

respondent. Ordinarily it may be regarded as a universal principle that the prior lien gives a prior right, which is entitled to prior satisfaction out of the subject it binds, unless the lien is intrinsically defective, or be displaced by some act of the party holding it, which shall postpone him in a court of law or equity to a subsequent claim. 17 R. C. L. pp. 609-610; *Rankin v. Schatzell,* 12 Wheat. (U. S.) 177. The statute gave the laborer forty days after the cessation of the labor within which to file his claim of lien, and he filed it within one day after cessation of his labor. Having complied with the statute, his rights related back to cover the entire period of his continuous labor on the crops for appellant's lessee.

We conclude, therefore, that appellant cannot be considered a *bona fide* purchaser as against the lienor, that it has no prior or superior rights as against the lienor, and that the lien of respondent was properly established against the crops upon the land on which they were grown, and that such lien was superior to any rights of appellant.

The judgment is affirmed.

PARKER, C. J., TOLMAN, FULLERTON, BRIDGES, MITCHELL, and PEMBERTON, JJ., concur.