[No. 21108. Department Two. August 22, 1928.]

S. N. TEFFT, *Appellant*, v. J. H. SCHAEFER *et al.,*
*Respondents.*[1]

[1] CORPORATIONS (126)—OFFICERS AND AGENTS—LIABILITY TO COR-
PORATION AND MEMBERS—INDIVIDUAL PROFITS OR BENEFITS FROM
CORPORATE BUSINESS. The fact that the salary of the president
of the corporation, who owned the majority of the stock, was
increased by the vote of a trustee who owned only one share
does not render the increase illegal, where it was not shown
to be excessive or that such stockholder acted otherwise than
conscientiously for the best interests of the corporate business.

[2] CORPORATIONS (78)—MEMBERS AND STOCKHOLDERS—INDIVIDUAL
PROFITS OR BENEFITS. A majority stockholder of a corporation
must act in the utmost good faith in the control and manage-
ment as to the minority, and the court will closely scrutinize
a contract by which the corporation leases property from the
majority stockholder when objected to by the minority stock-
holder; and in view of this rule, held that the rental of $65
per month for the lease of vacant lots should be reduced to
$30 per month.

Appeal from a judgment of the superior court for
Spokane county, Webster, J., entered October 31, 1927,
upon findings in favor of the defendant, in a stock-
holder's action brought on in behalf of the corporation
to recover property diverted by the officers. Modified.

*R. L. Edmiston,* for appellant.

*Tustin & Chandler,* for respondents.

BEALS, J.—Plaintiff, a minority stockholder in the
Empire Ice & Shingle Company, a corporation, brings
this action on behalf of the corporation and against
certain trustees thereof, the corporation being also
a defendant, alleging waste of the corporate property
and diversion of the assets and profits of the corpora-
tion, to his detriment as a stockholder.

[1]Reported in 269 Pac. 1048.

Plaintiff in his complaint states five causes of action; in the first he seeks to restore to the corporation certain money which he alleges has been wrongfully paid by the corporation to J. H. Schaefer, being the difference between Mr. Schaefer's salary as manager of the corporation at three thousand dollars a year, as formerly, and five thousand dollars a year as fixed by the trustees of the corporation from and after October 1, 1924.

In his second cause of action, plaintiff seeks to recover for the corporation $2,004.90 paid to its attorneys for legal services.

In his third cause of action, plaintiff seeks to have restored to the corporation all sums in excess of twenty-five dollars per month paid by the corporation to J. H. Schaefer as rent for certain unimproved property used by the corporation for storage of fuel wood.

In his fourth cause of action, plaintiff seeks to enjoin the board of trustees from voting to continue J. H. Schaefer's salary at the rate of five thousand dollars per year, or any sum greater than three thousand dollars per year; also, from paying Mr. Schaefer any rent for the property above referred to in excess of twenty-five dollars per month, all until the corporation shall have paid an eight per cent annual dividend upon its stock.

In his fifth cause of action, plaintiff asks that J. H. Schaefer be required to file a bond securing the corporation against any future misfeasance in office on his part.

The court denied plaintiff any relief save on the second cause of action, the decree providing that Mr. Schaefer refund to the corporation a certain portion of the money paid by the corporation to its attorneys for professional services. From the decree entered by the court, plaintiff appeals.

Empire Ice & Shingle Company is a corporation organized under the laws of Washington, having a capital stock of the par value of $50,000, divided into five hundred shares. It is governed by a board of three trustees chosen annually by the stockholders. Appellant owns 191 shares of the capital stock of the corporation, and complains that the trustees are so managing the affairs of the corporation as to result in undue benefit to J. H. Schaefer, who owns a majority of the capital stock. In a prior suit, similar to this, brought by appellant, it was held that certain attempted acts of the board of trustees were illegal, in that J. H. Schaefer as a trustee of the corporation voted for an increase of his own salary as manager thereof and to purchase certain real estate owned by himself. This case was appealed to this court and the opinion rendered may be found in 136 Wash. 302, 239 Pac. 837, 239 Pac. 1119.

[1] Appellant contends that B. H. Sloan, one of the trustees of the corporation, is a "dummy trustee" only, and that Mr. Sloan's vote in favor of raising Mr. Schaefer's salary, and on certain other questions, should not be considered, and that acts of the board of trustees based in part thereon are void. Under our law, a person, to be eligible for election as trustee of a corporation, must be a stockholder therein; whether he owns one share of stock or a majority of all the stock is immaterial in so far as his legal qualification to hold office is concerned. His acts as trustee are not measured by his interest in the corporation, but are judged by other standards. Mr. Sloan is a stockholder in the corporation which is the subject-matter of this action, and we find no testimony in the record which indicates that, in voting to fix J. H. Shaefer's salary at $5,000 per year, he voted otherwise than conscientiously and as he believed for the best interests of the

corporate business. It is, of course, true that Mr. Sloan could not have been elected a trustee without the vote of the J. H. Schafer stock; but, generally speaking, it is true that, in every corporate election, no trustee can be elected without the vote of the majority of the capital stock, and that fact of itself indicates nothing.

We cannot say that the preponderance of the testimony is against the finding of the trial court to the effect that J. H. Schaefer's salary was legally voted, and that the same is reasonable in amount in view of all the circumstances. In this connection it is evident that the prior ruling of this court in regard to Mr. Schaefer's salary held nothing more than that the attempted increase was illegal because Mr. Schaefer as a trustee himself voted therefor. The reasonableness or unreasonableness of the amount of the salary was neither considered nor passed upon.

Appellant contends that the trial court erred in directing that only $968.50 be refunded to the corporation by J. H. Schaefer as representing the share of the attorney's fees paid by the corporation which should properly be charged to him. A careful reading of the testimony convinces us that there is no preponderance thereof against the finding of the trial court upon this point, and we accordingly approve the same.

[2] In his third cause of action, appellant seeks to have restored to the corporation all sums paid to J. H. Schaefer as rental for six vacant lots owned by him in excess of twenty-five dollars per month, the corporation having leased the property from Mr. Schaefer at a rental of sixty-five dollars per month, pursuant to resolution of the board of trustees passed at a meeting held during the fall of 1924; the record showing that J. H. Schaefer did not vote on such a resolution. In this connection, it is important to note that J. H.

Schaefer claims that the corporation is facing troublous times; that, because of recent inventions along the line of electric refrigeration, the ice business is less prosperous than formerly, and that in the fuel business the competition is so keen that profits are reduced to a minimum. A brother and sister of Mr. Schaefer, neither of whom owns any stock in the corporation, are both in its employ at good, though probably not excessive, salaries; and under all the circumstances of the case, it particularly behooves G. H. and J. H. Schaefer, who constitute a majority of the board of trustees of the corporation, to so conduct its affairs as to avoid dealing unfairly with appellant, the minority stockholder.

The rights of minority stockholders are always favored with the particular regard of courts of equity. It is so easy by devious and insidious methods to appropriate an undue proportion of corporate revenue to the payment of high salaries, excessive rentals and other corporate expenses, and it is so difficult to establish by a preponderance of the testimony that such expenditures are excessive or for any reason improper, that courts scrutinize very closely the acts of corporate officers in directing expenditures which result either directly or indirectly in personal profit or advantage to a majority stockholder. It appears from the testimony that J. H. Schaefer's management of the corporation has been successful, and we believe that the salary which has been voted him for such services is not unreasonable, but at the same time the record indicates a somewhat excessive interest on the part of the board of trustees in the welfare of the Schaefer family to the unjust subordination thereto of the rights of appellant as minority stockholder.

The law is well settled that the relation of a trustee of a corporation to it is fiduciary, and that he must

at all times act in good faith and unselfishly toward it. 14A C. J. 99. The supreme court of Michigan, in the case of *Miner v. Belle Isle Ice Co.*, 93 Mich. 97, 53 N. W. 218, says (p. 223):

"There is no doubt of the power of a court of equity in the case of fraud, abuse of trust or misappropriation of the corporate funds, at the instance of a single stockholder, to grant relief and compel a restitution."

And again, the court says:

"The law requires of the majority the utmost good faith in the control and management of the corporation as to the minority. It is of the essence of this trust that it shall be so managed as to produce for each stockholder the best possible return for his investment."

This court, in the case of *Westland v. Post Land Co.*, 115 Wash. 329, 197 Pac. 44, referring to a contract between a corporation on the one part and its chief stockholder and president on the other, while holding that in this state there is no insurmountable legal obstacle to such a contract and upholding the contract as made in that instance, says that,

". . . courts will closely scrutinize a transaction of this kind and may even suspect fraud and overreaching . . ."

And in the later case of *Olympia Box & Packing Co. v. Pacific Veneer Co.*, 123 Wash. 533, 213 Pac. 24, the court quoted with approval from the *Westland* case, *supra,* and held void a contract between two corporations where the same individuals were trustees of both contracting parties, and the court found the contract unfair to one of the corporations.

In the early case of *Parsons v. Tacoma Smelting & Refining Co.*, 25 Wash. 492, 65 Pac. 765, this court says:

"Each occupies a fiduciary relation to the corporation and to each stockholder. He must faithfully perform his trust. The ordinary obligation attending trust relations attaches to the trustee of a corporation. The policy of the law forbids a trustee to assume a double function where there are adverse interests considered. 1 Waterman, Corporations, p. 612, observes that they cannot, as agents or trustees, enter into or authorize contracts on behalf of those for whom they are appointed to act, and then personally participate in the profits. Morawetz on Corporations lays down the rule that the utmost good faith is required in the exercise of the powers conferred on trustees."

While it is true that J. H. Schaefer did not, as a trustee, vote upon the proposition to lease his vacant property to the corporation, we hold that such a contract as was entered into between the majority of the board and Mr. Schaefer as an individual, will be scrutinized most critically by a court of equity when objected to by a minority stockholder, and upheld only if it clearly appears that the same is in all respects reasonable and was entered into by the trustees on behalf of the corporation in good faith and with due regard to the interests of its stockholders.

The testimony concerning the value of Mr. Schaefer's lots is conflicting and unsatisfactory. Appellant insists that they are worth not to exceed $3,000; however this may be, in our opinion a rental of not to exceed thirty dollars a month is more nearly commensurate with the value of the use of the property to the corporation than the rental of sixty-five dollars a month which the board of trustees has directed should be paid.

In appellant's fourth cause of action he seeks to enjoin the individual respondents as trustees of respondent corporation from voting to continue J. H. Schaefer's salary at any sum in excess of $3,000 a year,

or from paying any sum in excess of twenty-five dollars per month as rental for his vacant lots. In view of what we have said concerning this latter item, we believe that a portion of this relief should be granted.

We agree with the trial court that no reason has been shown for demanding a bond of J. H. Schaefer, as demanded by appellant in his fifth cause of action.

The decree of the trial court will be modified by the insertion of a provision directing that J. H. Schaefer refund to the corporation all sums received by him as rental for the six vacant lots used by the corporation in excess of thirty dollars per month, commencing from the date the rental at $65 was first paid, and by including a provision therein enjoining the individual respondents as trustees of the respondent corporation from paying to Mr. Schaefer as rental for said property any sum in excess of thirty dollars per month, until further order of the superior court. Subject to this modification, the decree of the trial court is affirmed. Appellant will recover costs in this court, to be taxed against the individual respondents and not against the corporation.

FULLERTON, C. J., MAIN, HOLCOMB, and ASKREN, JJ., concur.