[No. 24832. Department Two. March 15, 1934.]

A. H. THOMPSON *et al., Respondents,* v. ELLEN O'LEARY *et al., Appellants,* F. F. TRAVIS *et al., Defendants.*[1]

*Shorett, Shorett & Taylor,* for appellants.

*Lytel & Pomeroy, Edward J. Burns,* and *A. E. Jonson,* for respondents.

HOLCOMB, J.—This action was brought by respondents Thompson and Hatton to foreclose laborer's liens. Later, respondent Fox, doing business as the Seattle Export Lumber Company, intervened and sought to

[1]Reported in 30 P. (2d) 661.

foreclose his materialman's lien. At the conclusion of the trial, the court awarded a decree foreclosing the three liens, but made no findings of fact.

The material was furnished and labor performed by respondents for defendant F. F. Travis, in improving business property on First avenue, in Seattle, belonging to James O'Leary and Ellen O'Leary, his wife, the property bearing the numbers and being known as Nos. 2125, 2127, 2129, 2131 and 2133, on First avenue in Seattle. Travis, who was proved to have been wholly financially irresponsible, claimed to be a lessee under a lease for ninety-nine years executed to him by the O'Learys. The purported lease was not recorded, and was not, in fact, fully executed until June 1, 1931, which was before the commencement of the furnishing of material and performance of labor by respondents.

Although defendant Travis testified that he informed respondents who furnished the labor for which liens are claimed herein that he was a lessee prior to the commencement of their performance of labor, they contradicted it, and they and other disinterested witnesses testified that R. M. Crawford, the agent for all the properties of the O'Learys in Seattle, and Mr. O'Leary were frequently upon the premises while the labor was being performed and the materials furnished. Travis admitted that he never informed respondent Fox that he had a lease until about three weeks after Fox had begun to furnish materials upon the property.

James O'Leary died during the pendency of this action, and his executors were substituted as parties. Defendant Travis took no appeal.

 Rem. Rev. Stat., § 1132, reads:

"The liens created by this chapter are preferred to any lien, mortgage or other encumbrance which may attach subsequently to the time of the commencement

of the performance of the labor, or the furnishing of the materials for which the right of lien is given by this chapter, and are also preferred to any lien, mortgage or other encumbrance which may have attached previously to that time, and which was not filed or recorded so as to create constructive notice of the same prior to that time, and of which the lien claimant had no notice.''

A lease of real estate under our law is an encumbrance. *Hoover v. Chambers,* 3 W. T. 26, 13 Pac. 547; *Richards v. Radelsheimer,* 36 Wash. 325, 78 Pac. 934; *Paik v. Chung,* 123 Wash. 37, 211 Pac. 729 (none of which cases is cited by counsel).

Our statute, Rem. Rev. Stat., § 10601, also provides for recording leases. Being an encumbrance entitled to be recorded, the O'Learys could have protected themselves from the subsequent lien claims of laborers and materialmen by recording the lease. In view of the above cited statute (§ 1132), preferring mechanic's liens to mortgages and encumbrances which may have attached subsequently to the commencement of labor or the furnishing of materials, the trial court was justified in disregarding the lease, of which the lienors had neither constructive nor actual notice.

An agent of respondent Fox, who furnished the material in question, did take the precaution to examine the record to ascertain who was the owner of the property for which the material was to be furnished, and found it to be in the name of James O'Leary. The lienors who performed labor upon the premises did not take that precaution, as they rarely do. *Mutual Savings & Loan Association v. Johnson,* 153 Wash. 41, 279 Pac. 108. They were assured, however, that the O'Learys were the owners, and consequently were justified in the belief that Travis was the agent of the owners. There was also some evidence

tending to show that Travis acted by and under the direction of Crawford, the general agent of the O'Learys, in procuring the labor and materials for the improvement of the property.

In the instant case, as in *Capital Savings & Loan Association v. Vaughn Hardware Co.*, 163 Wash. 396, 1 P. (2d) 310, the lienors dealt with the man in charge of the work, believing him to be at least the statutory agent of the owner. See, also, *Colby & Dickinson v. McCulloch*, 145 Wash. 561, 261 Pac. 86.

Appellants rely largely on *Miles v. Bunn*, 173 Wash. 303, 22 P. (2d) 985, to sustain their contention that a lessee is not to be deemed the agent of the lessor, the owner, under the statutes relating to liens and their priority.

The present case differs widely from that. In that, although it is not made to appear in the opinion, the lease was made by the owner to the lessee and immediately recorded. The lessee went into immediate possession of the premises and erected the building thereon. In that case:

"The court made no finding or conclusion of bad faith between the parties, or that the lessee acted other than for himself under the terms of the lease in constructing the building."

The evidence in that case was not brought here.

In the instant case, the lease never having been recorded, but simply carried around by Travis until the improvements had all been completed who then surrendered it, it is manifest that it was a subterfuge. The facts shown in this case, which are before us, amply support the necessary conclusion to sustain the decree, that Travis was the statutory agent of the owner of the land with respect to the right of liens for labor and

material supplied and used in constructing the buildings under Rem. Rev. Stat., §§ 1129 and 1130.

■ Appellants further contend that the allowance of the lien of respondent Fox in the sum of $136.19, with interest, and thirty-five dollars attorney's fees, should be reversed, for the reason that it was not shown that the materials sold by Fox were used in the buildings owned by appellants.

The evidence shows that the materials were delivered at one or more of the numbers on First avenue by which these premises were designated, that were improved. Several of the deliveries were receipted for by Travis; others by some person evidently working on the premises for Travis. There was no other work being carried on by Travis in that vicinity. This meets the test in *Holly-Mason Hardware Co. v. National Surety Co.*, 107 Wash. 74, 180 Pac. 901, cited by appellants to the effect that, since the materialman may not be able to show that the materials furnished actually went into the structure, he is allowed the more liberal rule of showing he delivered the material on the ground for use therein.

The decree is right, and is affirmed.

BEALS, C. J., TOLMAN, BLAKE, and GERAGHTY, JJ., concur.