[No. 25923. Department One. April 13, 1936.]

CENTRAL BUILDING COMPANY, *Respondent*, v. KEYSTONE SHARES CORPORATION, *Appellant*.[1]

[1]Reported in 56 P. (2d) 697.

646

*Edward H. Chavelle,* for appellant.
*John S. Robinson,* for respondent.

STEINERT, J.—This is an action to recover rent according to the terms of a written lease. Trial before the court, without a jury, resulted in a judgment for plaintiff. Defendant has appealed.

The premises involved in this action consist of office space at 806 Third avenue, in the city of Seattle. Prior to October, 1930, the space was occupied by an investment company, under a lease from respondent for a five-year term ending November 30, 1934. Appellant, which had been recently organized as a corporation to do an investment business, desired this particular space. Respondent indicated its willingness to execute a lease of the premises to appellant, if the latter could induce the tenant in possession to surrender its existing lease. The tenant having agreed to do this, the respondent, on October 8, 1930, executed to the appellant the lease here involved, for the remainder of the term

of the former lease, at the same rental, namely, two hundred four dollars per month. The new lease was signed and acknowledged by the respondent; it was also signed, but was not acknowledged, by the appellant.

The appellant went into possession of the premises and regularly paid the stipulated rental thereon up through December, 1932. In May, 1933, it paid the sum of three hundred dollars, which was applied to the January rental in full and to the February rental in part. Since that time, no rent has been paid.

Sometime between October, 1933, and February, 1934, appellant physically abandoned the premises, being, at the time, in arrears for rent from February, 1933. In April, 1934, respondent commenced this action to recover the rent then accrued and for monthly rentals as they should accrue under the lease. In November, 1934, shortly before the expiration of the term of the lease, respondent amended its complaint to cover the entire rentals then accrued. In its amended answer, filed after the expiration of the full term, appellant set up several affirmative defenses and, by way of cross-complaint, sought the return of the rents that had been paid under the lease, which, it alleged, amounted to $5,710. The questions presented upon this appeal arise out of the issues raised by the affirmative defenses.

It is first contended by appellant that the lease was void because it was not acknowledged by the lessee. The question presented is one of statutory requirement and compliance. Surprising as it may seem, it is nevertheless the fact that this court has never decided, nor, so far as the decisions show, been called upon to decide, the precise question whether the lessee is required to acknowledge a written lease, the term of which is for a period longer than one year.

The sections of the statute which must be considered are, as contended by appellant, the following, from which we quote the presently material parts:

"Every conveyance of real estate, or any interest therein, and every contract creating or evidencing any encumbrance upon real estate, shall be by deed: . . ." Rem. Rev. Stat., § 10550 [P. C. § 1908-21].

"Every deed shall be in writing, signed by the party *bound thereby,* and acknowledged *by the party* before some person authorized by this act to take acknowledgments of deeds." (Italics ours.) Rem. Rev. Stat., § 10551 [P. C. § 1908-22].

". . . Leases may be in writing or print, or partly in writing and partly in print, and shall be legal and valid for any term or period not exceeding one year, without acknowledgment, witnesses, or seals." Rem. Rev. Stat., § 10618 [P. C. § 3553].

A lease upon real estate is an encumbrance thereon. *Hoover v. Chambers,* 3 Wash. Ter. 26, 13 Pac. 547; *Richards v. Redelsheimer,* 36 Wash. 325, 78 Pac. 934; *Paik v. Chung,* 123 Wash. 37, 211 Pac. 729; *Thompson v. O'Leary,* 176 Wash. 606, 608, 30 P. (2d) 661.

An unacknowledged lease for a term exceeding one year, but with monthly rental reserved, is unenforcible as such and creates only a tenancy from month to month. *Watkins v. Balch,* 41 Wash. 310, 83 Pac. 321, 3 L. R. A. (N. S.) 852; *Dorman v. Plowman,* 41 Wash. 477, 83 Pac. 322; *Ryan v. Lambert,* 49 Wash. 649, 96 Pac. 232; *Anderson v. Frye & Bruhn,* 69 Wash. 89, 124 Pac. 499; *Backus v. Feeks,* 71 Wash. 508, 129 Pac. 86, Ann. Cas. 1914C, 553; *Eriksen v. Manufacturers Dist. Co.,* 103 Wash. 159, 173 Pac. 1095; *Union Oil Co. v. Walker,* 150 Wash. 151, 272 Pac. 64.

The necessary, and accepted, conclusion to be drawn from these decisions is that a lease of real estate for a period exceeding one year must, under the provisions

of Rem. Rev. Stat., §§ 10550 and 10618, *supra,* comply with the provisions of Rem. Rev. Stat., § 10551, *supra.*

It will be noted that this last section of the statute contains three requirements: (1) The instrument must be in writing; (2) it must be signed by the party *bound thereby;* and (3) it must be acknowledged *by the party* before some person authorized by the act [chapter 33, Laws of 1929, p. 31] to take acknowledgments of deeds.

In the case at bar, the lease was in writing and was signed by both the lessor and the lessee. The first two requirements of § 10551 were, therefore, fully satisfied, even under appellant's contention. The immediate question here is whether the third requirement was satisfied by the acknowledgment of only the lessor.

Prior to the 1929 act, above referred to, the section of the statute corresponding to the present Rem. Rev. Stat., § 10551 [P. C. § 1908-22], read as follows:

"All deeds and voluntary transfers of real estate or any interest therein shall be in writing, signed by the party bound thereby, and acknowledged by the party *making it* before some person authorized by the laws of this state to take acknowledgments of deeds: . . ." (Italics ours.) Rem. Comp. Stat., § 10551.

Had the words "making it," above italicized, been included in the 1929 act, of which Rem. Rev. Stat., § 10551 is a part, there could hardly have been any question that it was intended that only the person occupying a position corresponding to that of a grantor in a deed would be required to acknowledge the instrument.

The appellant contends, however, that under Rem. Rev. Stat., § 10551, the words, "acknowledged by the party," have reference to, and are to be read in the light of, the preceding phrase, "signed by the party bound thereby," and that, since the lessee, as well as

the lessor, is *bound* by the lease, it must be acknowledged by both, and not merely by the lessor.

We must keep in mind that Rem. Rev. Stat., §§ 10550, 10551 [P. C. §§ 1908-21, 1908-22], do not refer specifically to leases, but simply to deeds. Section 10618 [P. C. § 3553], refers to leases, and, by judicial construction of that section, leases of the kind here involved are required to be acknowledged. But the acknowledgment required therein is the acknowledgment required in deeds.

Now, it has always been the rule, as well as the practice, that deeds require the acknowledgment merely of the grantor. In fact, Rem. Rev. Stat., § 10566 [P. C. § 1908-33], prescribes a form of certificate of acknowledgment which, it is declared, shall be sufficient. Under that section, the notary or other officer is required to certify that the *grantor, or grantors,* personally appeared before him and acknowledged that he, or they, signed and sealed the same as his, or their, free and voluntary act and deed, for the uses and purposes therein mentioned. The statute does not require an acknowledgment by the grantee at all.

Illustrative of the reason and effect of such rule and requirement are those cases which hold that the acceptance by the grantee of a deed containing a clause by which the grantee assumes and agrees to pay an existing mortgage, binds the grantee as effectually as though he himself had executed the deed as an indenture. His acceptance of the deed is an acceptance of the burdens, as well as of the benefits. *Federal Land Bank v. Miller,* 155 Wash. 479, 284 Pac. 751; *Brewer v. Rosenbaum,* 183 Wash. 218, 48 P. (2d) 566.

If we apply to leases the rule with reference to deeds, it would follow that the lessee, by accepting the lease, is bound by its covenants, including burdens as well as benefits. But we are not dependent for this

conclusion upon mere analogy. We have direct pronouncement on the subject. In *Starwich v. Washington Cut Glass Co.*, 64 Wash. 42, 116 Pac. 459, Ann. Cas. 1913A, 262, it is said:

"It is well established that it is not essential to the validity of a lease that it be signed by the lessee, providing the lessee accepted the lease and acts thereunder, which acceptance is generally shown by taking possession or the payment of rent. Underhill, Landlord and Tenant, § 232; McAdam, Landlord and Tenant, § 47; Tiffany, Landlord and Tenant, § 27."

If a lease need not be *signed* by the lessee, provided that he accepts it and acts thereunder, then manifestly, it need not be *acknowledged* by him. In the present case, the lease was accepted and acted upon by the lessee, by taking possession of the premises and paying the rent. We hold, therefore, that the lease in question was valid without the acknowledgment of the lessee.

Appellant's second contention is that, in any event, it is not bound for more than the reasonable rental value of the premises, because of the fact that one of the officers of the respondent, who had executed the lease on behalf of that corporation, was also a prospective officer and trustee of the appellant at the time that the lease was executed, and subsequently took an active part in the management of appellant's intimate affairs.

The facts upon which appellant relies in this connection are these: In August, 1930, one J. E. Drain organized the appellant corporation as an investment trust, to purchase and hold certain securities. Upon the organization of the corporation, Drain subscribed for all its common stock and, from its inception, dominated its affairs. Under a permit, issued by the securities department of the state of Washington to J. E.

Drain & Company, a brokerage corporation, the stock of the appellant was to be sold, and the funds, after deducting the amounts allowed for necessary expenses, were to be deposited in a bank designated by the securities department and expended only for the purchase of a certain kind of securities.

Sometime prior to October, 1930, Drain had arranged with Ralph S. Hawley, vice-president and trustee of the respondent, to make Hawley an officer and trustee of the appellant and to transfer to Hawley, without consideration, a certain number of shares of stock in the appellant corporation. At the same time, Drain was to see that the appellant leased from the respondent the premises involved in this action, for a term beginning October 1, 1930, and ending November 30, 1934. Pursuant to that agreement, the designated number of shares of stock in the appellant corporation were transferred to Hawley in September, 1930. The lease was then entered into and was dated October 8, 1930, but related back to October 1. The lease was acknowledged by O. L. Hawley, president of the respondent corporation, and Ralph S. Hawley, its vice-president, on October 10, 1930. Four days later, October 14, 1930, Ralph S. Hawley took the oath of office as trustee of the appellant corporation and continued to serve as such until December, 1932. Between April, 1931, and December, 1932, Ralph S. Hawley also served as president of the appellant corporation.

During the time that Hawley was an officer and trustee of both corporations, certain reclamation proceedings were had in the superior court with reference to the cash and securities deposited by the appellant in a bank in Seattle. As a result of those proceedings, appellant secured the return of its cash and securities, which were then turned over to another bank as deposi-

tary, under a resolution adopted by the trustees of the appellant corporation.

Upon these facts, appellant contends that Ralph S. Hawley stood in a fiduciary relationship to the company and, as such fiduciary, having also a financial interest in the respondent corporation, was not permitted to deal with the appellant to his personal profit or gain.

It is undoubtedly true that the officers and trustees of a corporation act in a fiduciary capacity and, as such, are bound to exercise the utmost good faith in conserving the property and furthering the interests of the corporation, and the courts will closely scrutinize any transaction had between the officers or trustees and the corporation. *Olympia Box & Package Co. v. Pacific Veneer Co.*, 123 Wash. 533, 213 Pac. 24; *Thompson v. Mitchell*, 128 Wash. 192, 222 Pac. 617; *Tefft v. Schaefer*, 148 Wash. 602, 269 Pac. 1048.

But a contract entered into by an individual with a corporation of which he is an officer and trustee is not necessarily illegal. Though subject to close scrutiny, it does not present an insurmountable obstacle to the transaction. *Westland v. Post Land Co.*, 115 Wash. 329, 197 Pac. 44; *Briggs & Co. v. Harper Clay Products Co.*, 150 Wash. 235, 272 Pac. 962; *Fleming v. Reinhardt*, 153 Wash. 526, 280 Pac. 9; *McCurdy v. Spokane Western Power & Traction Co.*, 174 Wash. 470, 24 P. (2d) 1075. The nature of the transaction is an element to be considered in determining whether there was, in fact, any fraud in connection therewith, but it is not conclusive. If the transaction be in good faith and the officer or trustee has not gained an advantage, or the corporation has not sustained a loss, thereby, it cannot be impeached for fraud.

Applying these principles to the facts of this case, we find no evidence of fraud. In the first place,

Hawley was not an officer or trustee of the appellant at the time that the lease in question was executed. In the next place, the property covered by the lease did not belong to Hawley, but to the respondent. But more important than either of these considerations, is the fact that respondent, in executing the lease to the appellant, got nothing more than it already had. It cancelled an existing lease held by a solvent tenant and substituted therefor the present lease to the appellant, for the remainder of exactly the same term and at exactly the same monthly rental. If appellant's contention were upheld, respondent would not be the gainer, but would be the loser, by the change of tenant and substitution of leases. On the other hand, the appellant got exactly what it contracted to get under the lease.

Appellant's next contention is that it never went into possession of, nor ever occupied, the premises, and, therefore, cannot be held under the terms of the lease. This contention proceeds upon the assertion that the facts of the case and the reasonable inferences to be drawn therefrom show that J. E. Drain & Company itself took exclusive possession of the office, using it for its own business purposes, had its own name on the door, and paid the rent with its own checks, and that appellant never had any use for, nor ever used, the premises at all.

It may be true that J. E. Drain & Company maintained its office, for a time at least, on the particular premises. But the court found that the appellant occupied the premises from October, 1930, until at least October, 1932, and that it later held its annual meetings therein. These findings are fully borne out by the record. It appears that appellant had over three thousand dollars worth of furniture, which it installed. Its name was on the window of the office space in ques-

tion. Its display advertising and its letterheads gave 806 Third avenue as its address, and the call for annual meeting of stockholders designated the same address as the place of meeting. Whatever business appellant did was done at that address.

Although J. E. Drain & Company may have paid the monthly rentals in the first instance, by means of its own checks, the very fact that appellant is now counterclaiming for all rent so paid is proof that the rent was actually paid with appellant's money.

The final contention of the appellant, we shall not discuss, because of the incomplete state of the record.

The judgment is affirmed.

MILLARD, C. J., MITCHELL, TOLMAN, and GERAGHTY, JJ., concur.

[1]Reported in 56 P. (2d) 682.