[No. 33581. Department One. April 5, 1956.]

DONALD E. HAGGEN et al., Appellants, v. E. A. BURNS et al., Respondents.[1]

[1]Reported in 295 P. (2d) 725.

*J. W. Kindall* and *Lester C. Voris*, for appellants.

*Brown & Millhouse*, for respondents.

SCHWELLENBACH, J.—This is an appeal from a judgment dismissing plaintiffs' complaint with prejudice, entered after a demurrer was sustained upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

The complaint sought adjudication that plaintiff was entitled to possession of certain premises under the terms of a written lease. Attached to the complaint and made a part thereof was the lease and certain letters, to which reference will hereinafter be made.

E. A. Burns became involved with his creditors, and, as a result thereof, on May 27, 1953, he entered into a written lease with Don Haggen covering a store on Point Roberts, in Whatcom county. Articles 2, 3, and 4 of the lease provided:

"2. First Party agrees to purchase all inventory in said store on hand for cash at the time of taking possession which is listed in the Associated Grocers' Catalogue, at the present list price in said catalogue, f.o.b. Boundary Bay. Items of merchandise not listed in said catalogue may be removed at the option of First Party or if First Party desires may be held as upon consignment from Second Party, and when and if sold Second Party shall receive the wholesale cost thereof.

"3. The lease of said property shall run for one season ending October 1, 1953, but First Party shall have an option to renew this agreement and lease for five (5) additional seasons, which option shall be exercised by notice in writing mailed and delivered to Second Party at Point Roberts, Washington, not later than February 1, 1954.

"4. As rent for such lease First Party shall pay to Second Party the sum of six percent (6%) of all gross sales of merchandise and services of every kind and nature which are conducted in or upon the leased premises, payable on or before the 15th day of each month for the business transacted in the preceding calendar month. First Party shall keep accurate books of account which shall be open to Second Party or his agent at reasonable times for verification of gross sales."

The lease bore the signatures of Donald E. Haggen, Jennie Burns, and E. A. Burns. The signatures of Mr. and Mrs. Burns were acknowledged by Burton Kingsbury, notary public, on the date of the instrument. However, attached to the complaint, as exhibit "D", is the following letter:

"Mr. E. A. Burns,                                    May 27, 1953.
Point Roberts, Wn.
Dear Mr. Burns:

Enclosed herewith are duplicate copies of your Agreement with Don Haggen and request that you have Mrs. Burns sign on the line drawn just above your name. Mr. Kindall, attorney for Mr. Haggen, felt that Mrs. Burns should also be a party to this agreement and that your signatures should be acknowledged by a notary public.

After Mrs. Burns has signed both copies please return them to me for my acknowledgment.

"Yours very truly,
g                               "Burton A. Kingsbury
Enc.                            "Sec.-Trea. and Manager"

Rem. Rev. Stat., § 10564, § 10565 [cf. RCW 64.08.050], provide:

"§ 10564. The officer, or person, taking an acknowledgment as in this act provided, shall certify the same by a certificate written upon or annexed to the instrument acknowledged and signed by him and sealed with his official seal, if any he has, and reciting in substance that the person, or persons, known to him as the person, or persons, whose name, or names, are signed to the instrument as executing the same, acknowledged before him that he or they, executed the same freely and voluntarily, on the date stated in the certificate."

"§ 10565. Such certificate shall be *prima facie* evidence of the facts therein recited."

Although Rem. Rev. Stat., § 10565, *supra,* provides that the certificate of the officer taking the acknowledgment shall be *prima facie* evidence of the facts recited therein, it is clear from the record that Mrs. Burns, at least, did not acknowledge *before the notary* that she executed the lease.

A lease upon real estate is an encumbrance thereon; and an unacknowledged lease for a term exceeding one year, but with monthly rental reserved, creates only a

tenancy from rent period to rent period, in the absence of equities sustaining the lease or estopping a denial of its validity. *Matzger v. Arcade Bldg. & Realty Co.,* 80 Wash. 401, 141 Pac. 900; *Central Bldg. Co. v. Keystone Shares Corp.,* 185 Wash. 645, 56 P. (2d) 697.

Haggen went into possession in May, 1953, and paid the rental required under the lease that season. January 21, 1954, he wrote the following letter:

"Registered Mail                                   January 21, 1954.
Return Receipt Requested
E. A. Burns and Jennie Burns, his wife
Point Roberts, Washington

The undersigned, Don Haggen, hereby notifies you that he exercises his option to renew for five (5) additional seasons, ending October 1, 1958, under the provisions of that certain Lease between us, dated May 27, 1953, concerning the lease of:

Lot 1, Block 4, Maple Beach Addition,
Point Roberts, Whatcom County, Washington.

I am uncertain as to whether I have the right to exercise an option to renew said Lease for five additional seasons at this time, or whether my right is to renew the Lease for one season at a time, for a total of five additional seasons.

If I am limited to one season at a time, this will be my option to renew my Lease for one additional season, ending October 1, 1954.

Please notify me at 416 State Street, Bellingham, Washington, as to your construction of my right of renewal.
JWK:cb
c.c:   B. F. Kingsbury      Don Haggen............................................."

The defendants accepted the notice and rental for the season of 1954. January 27, 1955, the plaintiff gave a like notice for the 1955 season, but the defendants refused to recognize his right of renewal for the season of 1955 or any subsequent season, contending that the lease was invalid as being violative of the statute of frauds.

■ The taking of possession by the lessee and the payment of a part of the consideration, if such payment is a part of the consideration inducing the lease and going to the entire term in addition to the rental to be paid at stated periods throughout the term, constitutes such part per-

formance as to sustain the lease for the entire term. *Matzger v. Arcade Bldg. & Realty Co., supra.*

In connection with paragraph 2 of the lease, plaintiff made the following allegation:

"Purchased on inventory of defendants in said store then on hand in May, 1953, for cash, which was listed in the Associated Grocers catalog at the then list price therein, fob Boundary Bay, this being in part consideration for the extension periods in said lease contained and being in the amount of $1857.03, and consisting of goods which were not readily salable, a portion of which is still on hand, being slow to sell, and which will normally not be sold out until the expiration of the stated renewal extensions under said lease."

██ It may be that, upon trial, appellant will not be able to prove the above allegation. Nevertheless, for purposes of demurrer, the facts contained therein are admitted as true. The complaint alleged that the payment was in addition to the rentals required under the lease and went to the entire term.

The complaint stated facts sufficient to constitute a cause of action.

The judgment is reversed.

HAMLEY, C. J., MALLERY, FINLEY, and OTT, JJ., concur.