[No. 23221.   Department One.   July 14, 1931.]

CAPITAL SAVINGS & LOAN ASSOCIATION, *Appellant,* v. VAUGHN HARDWARE COMPANY *et al., Respondents.*[1]

[1]Reported in 1 P. (2d) 310.

*Bigelow & Manier* and *John C. Hogan,* for appellant.

*J. E. Stewart,* for respondents.

TOLMAN, C. J.—The facts in this case are simple and are not in dispute.

The appellant, as plaintiff, brought this action to establish and foreclose a mortgage on certain real estate in the city of Aberdeen, Grays Harbor county, making all interested parties defendants therein. Certain of the defendants cross-complained, claiming that their liens were prior and superior to the mortgage. After trial on the merits, a decree was entered, adjudging, first, liens in favor of the respondent Vaughn Hardware Company in the sum of $121.63 and the City Retail Lumber Company in the sum of $593.16; after which appellant's mortgage in the sum of $4,519.44 was established as second in priority. Defendants Hopkins' second mortgage was established next in order, after which another lien followed.

The plaintiff has appealed from that part of the decree which gives the claims of respondents priority over its mortgage.

It appears that defendant Lindquist, a builder by occupation, arranged to purchase from the defendants Hopkins the lot in question. Whether he then paid anything on account of the purchase price is not clear, but it was agreed between Lindquist and the Hopkins's that the Hopkins's should accept a note for one thousand dollars secured by a mortgage, second and junior to a mortgage to be given in favor of the appellant for $4,250, in full payment of the purchase price of the lot.

Appellant had dealt with Lindquist on at least three former occasions in like manner, and when his application for a mortgage loan was received, it sent its

representative on November 4, 1929, to inspect the property. It was then found that the basement was being excavated and the excavation work was then practically completed. Some lumber was also on the ground, but no claim is here advanced based on that lumber, and it is only mentioned as being evidence that construction work was under way.

The note and mortgage to the appellant, the note and mortgage to the defendants Hopkins and the deed from Hopkins and wife to Lindquist were all dated and executed simultaneously on November 5, 1929, and all were filed for record on November 7, 1929.

On November 4, 1929, presumably after the inspection of the property on that day by the appellant, the respondent City Retail Lumber Company began to deliver lumber to the job upon the order of Lindquist; and on November 6, 1929, after the execution of the deed and the mortgages, but before they or either of them were filed for record, respondent Vaughn Hardware Company began to deliver hardware to the job on the order of Lindquist. Lindquist testified in effect that no questions were asked, and nothing was said to either of the respondents as to how he was going to finance the building, or where he would get the money to pay for the material ordered.

Appellant presents three principal contentions, as follows:

"(1) The liens claimed by respondents could not be valid liens on the property described, for the reason that they could acquire no rights in the property excepting through Lindquist, and could acquire nothing which he would not have.

"(2) Having dealt with Lindquist on several jobs, at least three of which were loaned on by appellant, they had knowledge of the method of financing, and could not dispute the prior lien of appellant's construction mortgage.

"(3) The right of lien is statutory, and the statute must be strictly followed in order to give any rights to the lien claimant, and the lien as filed not being on its face sufficient to establish a prior claim, the same could not therefore be amended after the time for filing a lien had expired so as to perfect a defective lien."

The first proposition is identical with the contention which was most ably presented to this court in *Mutual Savings & Loan Association v. Johnson,* 153 Wash. 41, 279 Pac. 108. The facts of the two cases can not be distinguished one from the other, and the same rule must be applied here as was applied there. It was there said:

"So here, the appellants [here the respondents] dealt with the man in charge of the work, believing him to be at least the statutory agent of the owner. The loan association had actual knowledge of the fact that work had commenced several days before the mortgages were executed, and was in a position to fully protect itself and others by refusing to proceed with the loan, or by requiring releases to be obtained from all who had, by their labor and material, begun to improve the property. From a practical standpoint, at the time the inspection was made and the fact that the work was in progress was ascertained, the loan association was the only one who could have prevented the possibility of loss, and therefore, under well-settled principles of equity, having failed to do so, it should bear the loss.

"We see no difference in principle between this case and the case of *Colby & Dickinson v. McCullough,* 145 Wash. 561, 261 Pac. 86. True, there the work had progressed for some weeks before the mortgage was executed and recorded, while here it was a question of days only, but that is a difference in degree and not in principle."

In a proper case, where the proof clearly shows that those who furnished labor or material did so with

full knowledge that a building loan was to be obtained, and where the inference can be fairly drawn that they agreed to look to the proceeds of the loan for their pay, no doubt they would be held bound to that result. But here there is no such proof. The custom, if there be such, of erecting buildings in part through a building loan in many or most cases, can not be accepted as proof that any particular building was known to be so financed.

Appellant complains that respondent City Retail Lumber Company was permitted to amend its lien notice at the trial of the case. It appears that the claim of lien as filed gave the date of the first delivery as November 9, 1929, while the proof amply showed that the first delivery was in fact made on November 4, 1929. Respondent produced Lindquist's written receipt for the first material, dated November 4, 1929, and it was satisfactorily explained that the invoice therefor did not reach the bookkeeper until November 9, and was erroneously entered on the ledger as of that date. There was no evidence to the contrary. Under our liberal rule, we see no error in permitting the amendment to conform to the proof, especially as no one was misled to his damage by the erroneous date.

Something is said as to the proof failing to show a delivery of the material on the building lot upon which the building was erected, but, as we read the record, the proof is ample to show that the material was delivered for use upon and was used upon the lot described in the mortgage.

Finding no error, the judgment is affirmed.

MITCHELL, MAIN, HOLCOMB, and MILLARD, JJ., concur.